Willie E. LOFTON, Plaintiff-Appellant,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.

No. 81–4134
Summary Calendar.

United States Court of Appeals, Fifth Circuit. Unit A

Aug. 10, 1981.

Rehearing and Rehearing En Banc Denied Sept. 23, 1981.

**216**

Laurel G. Weir, Philadelphia, Miss., for plaintiff-appellant.

George Phillips, U. S. Atty., L. A. Smith, III, Asst. U. S. Atty., Jackson, Miss., for defendant-appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

RANDALL, Circuit Judge:

Willie E. Lofton brings this appeal from a decision of the district court affirming a decision of the Secretary of Health and Human Services which denied his claim for Social Security disability benefits and Supplemental Security Income. Finding that the record in this case supports the decision of the Secretary, we affirm.

In April, 1979, Lofton, a 48 year-old high school graduate who had previously been employed as a construction laborer and heavy equipment operator, filed applications for Supplemental Security Income and disability benefits. Lofton alleged that he was disabled due to a broken ankle, heart problems, liver disease, emphysema, high blood pressure and alcoholism. Lofton's applications were denied initially and upon reconsideration. Lofton requested and received a hearing on his claim before an administrative law judge. At this hearing, Lofton was represented by counsel. After considering the record, which consisted of Lofton's testimony and a number of medical reports, the administrative law judge found that Lofton had a "[h]istory of alcoholism, (controllable with Antabuse); recent onset hypertension without indication of end-organ damage, post status ankle injury with healing calcaneal fracture." The judge concluded however, that "neither singly nor in combination [do] claimant's impairments significantly affect his ability

to perform work-related functions;" therefore, the judge concluded that Lofton was not disabled.

On appeal to this court, Lofton urges that the administrative law judge, in determining that Lofton was not disabled, made an erroneous finding that Lofton could return to his relevant past employment which was not supported by substantial evidence and thus, that we should reverse the decision of the Secretary. We think this argument misreads the opinion of the administrative law judge. In this case, the administrative law judge made no specific finding about Lofton's ability to return to his relevant past employment. The judge concluded only that Lofton had no severe mental or physical impairment which hindered his ability to perform basic work-related activities. Under the applicable regulations of the Secretary, such a finding is sufficient to support a denial of Social Security disability benefits even though no specific inquiry is made concerning a claimant's ability to perform his past relevant work.

The Secretary's regulations governing determinations of disability within the meaning of the Social Security Act set forth a specific sequential process of evaluation to be employed in assessing disability claims. The regulations provide that "in determining whether an individual is disabled, a sequential evaluation process shall be followed whereby current work activity, severity of the impairment(s), and vocational factors are assessed in that order." 20 C.F.R. § 404.1503(a) (1980). Specifically, the regulations provide that in making a determination of disability or no disability, the first

inquiry shall be whether the individual is currently engaged in substantial gainful activity. If the individual is not currently engaged in substantial gainful activity, the inquiry then focuses on the question whether the individual has any "severe impairment." If a finding is made that the claimant does not have any severe impairment, *i. e.*, one "which significantly limits his or her physical or mental capacity to perform basic work-related functions," the regulations direct that "a finding shall be made that he or she does not have a severe impairment and therefore is not under a disability *without consideration of the vocational factors*" 20 C.F.R. § 404.1503(c) (1980) (emphasis added). *See Anderson v. Schweiker*, 651 F.2d 306 (5th Cir. 1981).

Thus, although our usual focus in reviewing Social Security disability determinations is on the questions whether the claimant carried the burden of showing that he or she could no longer perform his or her customary work and if so whether the Secretary carried the rebuttal burden of showing that there was, nevertheless, work available in the national economy which the claimant could perform, *Wilkinson v. Schweiker*, 640 F.2d 743, 744 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1207 (5th Cir. 1981); *Fortenberry v. Harris*, 612 F.2d 947, 949 (5th Cir. 1980), the regulations expressly provide that in some instances a disability determination may be made on the basis of medical evidence alone without consideration of these vocational factors where the medical evidence indicates that the claimant does not have a severe impairment.[1] In such cases the question properly

---

1. During recent revisions and restatement of these regulations in simpler language the Secretary received a comment suggesting that this section of the regulations which authorizes denial of claims on the basis of a determination that an individual's impairment is not severe may conflict with judicial approaches to the problem of defining disability which have customarily focused on the individual's residual functional capacity to do his or her previous work or some other work present in the national economy. The Secretary replied that the sequential evaluation process, which required an assessment of the severity of an individual's impairment prior to and apart from a specific

inquiry into that person's ability to perform his or her past work or other specific types of jobs, was designed to improve "program efficiency . . . by limiting the number of cases in which it would be necessary to follow the vocational evaluation sequence . . . ." 45 Fed.Reg. 55574 (1980) The Secretary indicated that the degree to which this practice had in fact achieved this goal was under scrutiny and that there was some question whether in fact the practice had not effected a substantial improvement in efficiency. The Secretary observed that:

"In most cases that involve an impairment that is not severe, the vocational evaluation guides can be applied as efficiently as can the

presented for our review is whether the Secretary's determination that a claimant is not suffering from a severe impairment is supported by substantial medical evidence.

■ The record in this case does contain substantial medical evidence to support this conclusion. The medical records indicate that Lofton's electrocardiogram is within normal limits; his heart is not enlarged and it functioned normally during a cardiac stress test. Although Lofton claimed to have been treated for liver disease at a Veteran's Administration hospital, the medical records presented to the administrative law judge are devoid of diagnoses of liver disease. Pulmonary function tests did not indicate that Lofton suffers from the degree of respiratory restriction necessary to constitute a severe respiratory impairment as defined in the Secretary's regulations. The medical records confirm Lofton's claim of hypertension, but also indicate that he has taken medication prescribed for this condition for several years and there is nothing in the medical records to indicate that his hypertension cannot be successfully treated by medication.

With regard to Lofton's alcoholism, the administrative law judge found that there was no evidence that Lofton's alcoholism was so severe "as to significantly interfere with his ability to perform work-related functions." This conclusion is confirmed by the medical records of the Veterans Administration Hospital in Jackson, Mississippi where Lofton was treated for alcoholism in 1979. According to the hospital's records, "[A]t the time of discharge, the patient was considered competent and able to return to work." We have only recently had occasion to observe "that alcoholism, alone or combined with other causes, can constitute a disability if it prevents a claimant from engaging in substantial gainful activity," *Ferguson v. Schweiker*, 641 F.2d 243 (5th Cir. 1981). In *Ferguson*, however, we noted that alcoholism can only be considered disa-

bling within the meaning of the Social Security Act if it is shown that the claimant does not have the ability to control its use voluntarily. We emphasized that a finding that an alcoholic has the ability to control his or her drinking must rest on competent medical evidence and cannot rest only on the testimony of the claimant. In *Ferguson* we found the record devoid of such evidence and we remanded the case to the Secretary for the development of the necessary evidence.

■ Lofton argues that a similar remand is in order here. We disagree. Before alcoholism can be deemed a disability within the meaning of the Social Security Act, the claimant must show, as with any other disorder, that the mental or physical impairment resulting from the alcoholism (or from the conjunction of alcoholism and other mental or physical illnesses) is severe. In a Social Security disability case where a claimant alleges disability due to alcoholism, the issue of a claimant's ability to control his or her use of alcohol becomes crucial only after it is determined that the claimant's condition does in fact reflect a sufficiently severe impairment resulting from alcoholism to be deemed disabling within the meaning of the Act. In this case, unlike *Ferguson*, the administrative law judge, after carefully considering the medical evidence produced by Lofton, decided that his alcoholism was not a severe impairment and thus concluded under 20 C.F.R. § 404.1503(c) (1980) that Lofton was not disabled. The record supports this conclusion; therefore no remand is necessary here.

AFFIRMED.

---

nonsevere impairment principle. Most cases of this kind do not require extensive investigation of a person's vocational background in order to evaluate them under the vocational guidelines. We can decide many cases of

this type on the basis that a person can return to his or her most recent occupation." The Secretary is currently studying the feasibility of revising this regulation.