Charles ALLEN

v.

Richard S. SCHWEIKER.

Civ. A. No. 83–1964.

United States District Court,
E.D. Pennsylvania.

July 15, 1986.

Eric J. Fischer, Philadelphia, Pa., for plaintiff.

Serena H. Dobson, U.S. Attorney's Office, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before the court is plaintiff's motion for the awarding of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA).

This action arose under 42 U.S.C. § 405(g) when plaintiff sought judicial review of the Secretary's final decision denying his claims for disability insurance benefits and Supplement Security Income under Titles II and XVI of the Social Security Act. By order, this court approved and adopted the Report and Recommendation of United States Magistrate Edwin E. Naythons, thereby remanding this matter to the defendant Secretary for further proceedings consistent with the Report and Recommendation. *See* my order dated January 26, 1984.

The plaintiff is clearly a prevailing party; on remand the Secretary's Appeal Council determined that the plaintiff was entitled to a period of disability commencing January 1, 1981, and to disability insurance benefits, and to Supplemental Security Income as of February 23, 1982. *See,* Decision of Appeals Council dated March 24, 1986. A prevailing party other than the United States in an action brought by or against the United States is entitled to an award of attorney's fees "unless the court finds that the position of the United States was substantially justified...." 28 U.S.C. § 2412(d)(1)(A).

The law applicable to the determination of entitlement to EAJA attorney's fees was recently summarized by the Court of Appeals for the Third Circuit as follows:

Substantial justification 'constitutes[s] a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous.' *Dougherty [v. Lehman],* 711 F.2d [555] at 563 [3d Cir.1981] ... The burden of proving substantial justification is on the government, *Dougherty,* 711 F.2d at 561, to meet its burden, the government must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounds; and (3) a reasonable connection between the facts alleged and the legal theory advanced ... The government's burden of showing substantial justification is a strong one and is not met merely because the government aduces 'some evidence' in support of its position.

*Washington v. Heckler,* 756 F.2d 959, 961 (3d Cir.1985) (citations omitted). *See Russell v. Heckler,* No. 85–627 (E.D.Pa. March 6, 1986) [Available on WESTLAW, DCT database].

█ In order to determine whether the plaintiff is entitled to attorney fees, I am bound by the mandates of the Third Circuit.

The Secretary originally found the plaintiff to be disabled due to a psychiatric impairment as of May 25, 1970. The plaintiff's benefits were terminated at the close of December, 1980 because the Secretary found that the plaintiff was not disabled based upon new evidence. *See* Report and Recommendation of January 4, 1984 at 1 (adopted by this court on January 26, 1984). Upon review of the entire administrative record the United States Magistrate concluded that the Secretary's decision as to the severity of plaintiff's mental impairment was not supported by substantial evidence. Furthermore, I note that the ALJ had failed to fully develop the evidentiary record. Hearings to determine whether the claimants are entitled to Disability Insurance Benefits are not adversary proceedings. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Third Circuit has stated that every effort should be made to secure any medical evidence that would help resolve doubts about the plaintiff's claim. *Taybron v. Harris,* 667 F.2d 412 at 415 (3d Cir.1981). *See* Report and Recommendation, p. 11. In situations as this one where plaintiff was originally not represented by counsel at the administration hearing, the Third Circuit has stated that the ALJ should assume a

more active role and thus has a heightened duty of care and responsibility in such a situation. Therefore, defendant Secretary had failed to satisfy his responsibility. *Dobrowolsky v. Califano*, 606 F.2d 403 at 407 (3d Cir.1979); *see also Livingston v. Califano*, 614 F.2d 342 (3d Cir.1981).

Based on plaintiff's testimony as to a psychiatric impairment, and the numerous medical reports presented that established a mental disability prior to January of 1981, this case was remanded to the Secretary to determine the severity of this mental impairment and its affect upon plaintiff's residual functional capacity. *See* Report and Recommendation, p. 12.

In addition to a mental impairment, the plaintiff evinced a history of alcoholism. "Where there is evidence of alcohol abuse, the Secretary must inquire whether the claimant is addicted to alcohol and, as a consequence, has lost the ability to control its use." *McShea v. Schweiker*, 700 F.2d 117 at 119 (3d Cir.1983), *quoting Hicks v. Califano*, 600 F.2d 1048 at 1051 (4th Cir. 1979). "[A] finding that an alcoholic has the ability to control his or her drinking must rest upon competent medical evidence and cannot rest only on the testimony of the claimant." *Lofton v. Schweiker*, 653 F.2d 215 at 218 (5th Cir.1981) *reh. denied*, 659 F.2d 1076, *cert. denied*, 454 U.S. 1089, 102 S.Ct. 651, 70 L.Ed.2d 626 (1981). *See Report and Recommendation*, p. 13 and 14.

The ALJ did not properly evaluate the plaintiff's alcoholism as postured in *McShea*. Also under the standard set forth in *Lofton*, the plaintiff's own testimony as to alcohol abuse does not constitute substantial evidence towards the absence of a disability. "Hence, the plaintiff's testimony pertaining to a drinking problem ought not to have been utilized by the ALJ in the instant case as evidence contradicting the existence of this impairment." *See* Report and Recommendation at p. 14. The evidence in this case strongly suggested alcohol abuse and after a review of the entire record, I found no evidence to rebut the existence of plaintiff's abuse of alcohol. *See* Report and Recommendation at p. 15.

Attorney's fees shall be awarded where the government has failed "to carefully evaluate their case ..., or where the government pursues those which are weak or tenuous." [1980] U.S. Code and Admin. News, at p. 4993. "It is plain from the foregoing discussion that the Secretary's position ... clearly offends our established precedents. As such it has no reasonable basis and is not substantially justified." *Washington v. Heckler*, 756 F.2d 959, 968 (3d Cir.1985). Accordingly, attorney's fees will be awarded.

■ Having decided to award attorney fees, I now move to the determination of an appropriate fee under EAJA. Plaintiff's counsel requests a cost of living adjustment in the $75.00 statutory maximum to account for inflation. The plaintiff's attorney seeks reimbursement for 13½ hours of work expended at an enhanced rate of $87.35. This rate is supported by plaintiff's Exhibit "B" (Consumer Price Index March of 1986 published by the Bureau of Labor Statistics) and Exhibit "C" (Attorney's Fee, Adjusted for Flation + Arithmetic Calculation). Plaintiff's exhibits compute an enhanced rate, but plaintiff has neglected to inform this court of the authority for his old base figure of 279.9. *See* Exhibit "C". "The Act plainly delegates to the court authority to make such an adjustment...." *Natural Resources Defense Council v. U.S.E.P.A.*, 703 F.2d 700, 713 (3d Cir.1983). But where plaintiff's attorney has failed to provide adequate documentation of figures used in the computation of his enhanced fee, granting the fee enhancement would be inappropriate. Furthermore, I question the validity of an inflation rate of over 16%, seeing that Congress has just reenacted the current attorney fees statute, signed by the President on August 5, 1985 and this reenactment still provides for a rate of $75.00 per hour. 28 U.S.C.A. § 2412(d)(2)(A) (Supp.1986). It may be argued that plaintiff's attorney may be entitled to a very nominal cost of living adjustment from August 5, 1985 to March, 1986. Seeing that this period encompasses less than one year and would entail such a nominal fee en-

hancement, I hereby rule that plaintiff's attorney is not entitled to an enhanced fee. The amount awarded will reflect the statutory maximum for reasonable attorney fees under 28 U.S.C. § 2412(d)(2)(A)(ii), $75.00 multiplied by 13½ hours expended, thus an award of $1,012.50 is proper. An appropriate order follows.