Albert STRATTON, Plaintiff-Appellant,

v.

Otis R. BOWEN, in his official capacity as Secretary of the Department of Health and Human Services of the United States, Defendant-Appellee.

No. 86–3637.

United States Court of Appeals, Eleventh Circuit.

Sept. 21, 1987.

Sarah H. Bohr, Jacksonville Area Legal Aid, Inc., Jacksonville, Fla., for plaintiff-appellant.

Daniel G. Reidford, U.S. Dept. of Health & Human Services, Office of Gen. Counsel, Atlanta, Ga., for defendant-appellee.

Before JOHNSON and CLARK, Circuit Judges, and EATON\*, Senior District Judge.

---

\* Hon. Joe Eaton, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

1. *Lofton v. Schweiker*, 653 F.2d 215 (5th Cir. Unit A August 10, 1981) outlined the Secretary's "sequential evaluation process" [then codified at 20 C.F.R. § 404.1503 (1978)]. The Supreme Court, in *Bowen v. Yuckert*, — U.S. —, 107

EATON, Senior District Judge:

Albert Stratton was the prevailing party in his claim for Supplemental Security Income disability benefits. He appeals from the district court's order denying his motion for the allowance of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1982 & Supp.1987) (hereinafter "EAJA").

Applying the Secretary's "sequential evaluation process," formerly codified in 20 C.F.R. § 404.1503 (1980),[1] the Administrative Law Judge (hereinafter "ALJ") on October 10, 1980, found, at step 2 of the process, that Stratton "does not have any impairment or impairments which significantly limited [his] ability to perform basic work-related functions" [as set forth in the 1978 regulation, 20 C.F.R. § 404.1503(c)] and that "[Stratton] does not have a severe impairment." Thus, based upon medical considerations alone, the ALJ found that Stratton was not under a disability as defined in section 1614(a)(3) of the Social Security Act, as amended, 42 U.S.C. § 1382c(a)(3) (1983 & Supp.1987).

Upon Stratton's request for review, the Appeals Council for the Department of Health and Human Services, Social Security Administration, on February 12, 1981, adopted the decision of the ALJ as the final decision of the Secretary. Thereafter, Stratton filed a timely complaint in the district court. A United States magistrate, following oral argument, reported that the administrative ruling was not supported by substantive evidence and recommended that the case be remanded to the Secretary "for determination of the remaining steps in plaintiff's disability review." The district judge adopted the magistrate's report and recommendation and remanded the matter to the Secretary for determination

S.Ct. 2287, 2290-1, 96 L.Ed.2d 119 (1987), again outlined the "sequential evaluation process" [as codified in 20 C.F.R. §§ 404.1520, 416.920 (1986)]. From its inception, and as demonstrated by the *Lofton* and *Yuckert* courts' references, the "process" remains unchanged.

of "the remaining steps in plaintiff's disability review."

On remand, the Appeals Council, without considering additional evidence, afforded Stratton the relief sought.

Stratton then moved the district court for attorney's fees. The district court, on September 16, 1985, denied the motion, finding that Stratton was not entitled to an award of attorney's fees "because the Secretary's litigation[2] position was substantially justified under the circumstances." Following an abortive appeal to this court, the district court entered a dispositive judgment in the case.

Upon timely renewal of Stratton's motion for an award of attorney's fees, the district court on July 25, 1986, again denied the motion. That denial order reads in part, "for the reasons stated in this [c]ourt's order entered September 16, 1985, the court finds that plaintiff is not entitled to an award of attorney's fees under the EAJA." This appeal followed.

The EAJA provides that "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (1982 & Supp.1987).

The issue before this Court is whether the Secretary's position on the issue upon which Stratton prevailed was substantially justified. The Secretary does not take the position that special circumstances make an award unjust.

■ The standard for substantial justification is one of reasonableness. The government must show that its case had a reasonable basis both in law and fact. H.R.Rep. No. 1418, 96th Cong.2d Sess. 10, *reprinted in* 1980 U.S.Code Cong. & Admin.News 4953, 4984, 4989; S.Rep. No. 253, 96th Cong. 1st Sess. 6, 1979; *Haitian Refugee Center v. Meese,* 791 F.2d 1489, 1496 (11th Cir.1986); *Ashburn v. United States,* 740 F.2d 843, 850 (11th Cir.1984); *White v. United States,* 740 F.2d 836, 839 (11th Cir.1984); *Matthews v. United States,* 713 F.2d 677, 682 (11th Cir.1983); *S & H Riggers & Erectors, Inc., v. OSHRC,* 672 F.2d 426, 430 (5th Cir. Unit B 1982); *Knights of the Ku Klux Klan Realm of Louisiana v. East Baton Rouge Parish School Board,* 679 F.2d 64, 68–69 (5th Cir. Unit A 1982). The test is "more than mere reasonableness."[3] *Haitian Refugee Center v. Meese,* 791 F.2d 1489, 1497; *Spencer*

---

2. The "position of the United States" means, in addition to the position taken by the United States in litigating the civil action, the action or failure to act by the agency upon which the civil action is based. Because Congress did not explicitly define the term "position of the United States" in the EAJA, courts differed in their holdings regarding the proper definition. Some courts, including this one, held that the "position of the United States" referred to the government's litigation position in the civil action. Other courts held that "position of the United States" referred to the action or failure to act by the agency as well as the government's litigation position in the civil action. In 1985, Congress clarified the term. Congress made it clear that the "position of the United States" means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action was based. EAJA Extension and Amendment, Pub.L. No. 99–80, 99 Stat. 183, 28 U.S.C. § 2412(d)(2)(D) (1985 & Supp.1987). The

amendments were effective just six weeks prior to the district judge's entry of the first order denying Stratton's motion for attorney's fees.

The district court's finding that the Secretary's "litigation position" was substantially justified presents a problem of semantics rather than substance. In this case, the Secretary denied Stratton's supplemental security income application administratively, then asserted before the district court that the denial decision was legally and factually correct. Thus the district court's finding that the Secretary's "litigation position" was substantially justified necessarily applies as well to the Secretary's administrative action.

3. Stratton's counsel entreats us to examine the legislative history of the 1985 EAJA Extension and Amendment to determine that Congress intended, by the amendment, to change the substantial justification standard to a " 'less stringent' standard than has been previously interpreted by many courts." In essence, her position is that agency action found to be arbitrary

*v. NLRB,* 712 F.2d 539, 565 (D.C.Cir.1983), *cert. denied,* 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984).

On review, this court must uphold the district court's denial of an allowance of attorney's fees in the absence of an abuse of discretion. This standard of review requires that we give great deference to a district court's findings of fact, but allows for close scrutiny of its rulings on questions of law. *Haitian Refugee Center v. Meese,* 791 F.2d 1489 (11th Cir.1986); *Spencer v. NLRB,* 712 F.2d 539 (D.C.Cir. 1983) *cert. denied,* 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984).

The government bears the burden of showing that its position was substantially justified. H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10, *reprinted in* 1980 U.S.Code Cong. & Admin.News 4984, 4989; S.Rep. No. 253, 96th Cong., 1st Sess. 6, (1979); *Enerhaul Inc., v. NLRB,* 710 F.2d 748, 750 (11th Cir.1983); *S & H Riggers & Erectors, Inc., v. OSHRC,* 672 F.2d 426, 430 (5th Cir. Unit B 1982).

■ We turn now to the particulars of this case. The Secretary admits that the ALJ's finding that the claimant had no severe impairment did not conform to the de minimis standard set out in *Brady v. Heckler,* 724 F.2d 914 (11th Cir.1984). The standard provides that "an impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the indi-

vidual's ability to work, irrespective of age, education, or work experience." *Id.* at 920.

The Secretary argues, however, first, that the district court relied on *Brady,* which was decided after this case had been briefed in the district court; second, that prior to *Brady, Lofton v. Schweiker,* 653 F.2d 215 (5th Cir. Unit A 1981) provided "the primary guidance in this circuit for evaluating non-severe impairments;" third, that *Brady* neither invalidated the 1978 severity standard set out in *Lofton* [4], nor overturned *Lofton:* and finally, that *Brady* "gave a much narrower reading to the 'non-severe' regulations than had been the case in *Lofton.*" In sum, the Secretary argues that the application of the severity standard was consistent, in manner, with *Lofton,* "the case law that prevailed at the time," and thus was clearly reasonable.

The argument misses the point. *Brady* explains that the Secretary's own regulations since 1968 have been consistent with the 1968 de minimis standard. *Brady* holds, as does *Chico v. Schweiker,* 710 F.2d 947, 954 n. 10 (2nd Cir.1983), *Stone v. Heckler,* 752 F.2d 1099, 1101 (5th Cir.1985), and *Estran v. Heckler,* 745 F.2d 340, 342 (5th Cir.1984), that the definition of non-severe impairment has not changed in substance since the promulgation of the 1968 regulations; that there has been no regulatory attempt to alter the levels of severity for a finding of not disabled on the basis of medical considerations alone; and that in defining a non-severe impairment under the 1978 and 1980 regulations, we must turn to

and capricious or unsupported by substantial evidence is virtually certain not to have been substantially justified under the Act. Counsel for the Secretary, in response, points to a number of expressions in the legislative history which he says belie this conclusion. We decline to engage in the exercise urged by appellant's counsel. Though the *Haitian Refugee Center,* 791 F.2d at 1489, Court did not conduct an examination of the 1985 amendments to the EAJA in the light projected by Stratton's counsel, the court clearly was aware of, and referred to, the 1985 amendments in the decision. The

substantial justification standard enunciated in *Haitian Refugee Center* represents the law in this Circuit. Because we hold that the Secretary's position is not substantially justified under the *Haitian Refugee Center* standard, the exploration urged by Stratton's counsel is unnecessary.

4. *Lofton* makes reference to the "1980" severity regulation. 653 F.2d at 217. However, the *Lofton* court cites to the language of the 1978 regulation, which, in substance, is the 1980 regulation.

the 1968 regulation's terms.[5]  More importantly, for the purposes of the case before this court, *Brady* and *Chico* relied on official statements made by the Secretary [6] as the basis for their rulings.  The Secretary's statements consistently explained that the post–1968 regulations were enacted to make clear the terms of the 1968 regulations.[7]

*Lofton* provides no justification for the denial of Stratton's claim.  Neither the ALJ nor the Appeals Council could have relied on *Lofton* at the time Stratton was found not to have a severe impairment.  The ALJ ruled against Stratton on October 10, 1980.  The Appeals Council denied Stratton's request for review on February 12, 1981.  The Fifth Circuit decided *Lofton* on September 15, 1981.  As demonstrated by the memoranda filed in the district court, the Secretary did not rely on *Lofton* to oppose Stratton's motion for allowance of attorney's fees.  An argument that *Lofton* later demonstrated that the Secretary's position was substantially justified at the time Stratton's application was denied would also fail.  The evidence introduced before the ALJ on Lofton's claim did not support the impairment claim.  Because Lofton's claims were essentially negated by the evidence before the ALJ, whether or not the *Lofton* court considered the 1978 "non-severe" regulation to be consistent with the 1968 de minimis standard cannot be discerned.  *Lofton* did not address that regulation's validity because the issue was never raised before that Court.[8]  Rather, the *Lofton* court affirmed the Secretary's

---

**5.**  *Compare* 20 C.F.R. § 404.502(a) (1968) *with* 20 C.F.R. §§ 404.1503(c) (1978), 404.1520(c) (1980) and 404.1521(b) (1980).

20 C.F.R. § 404.502(a) (1968) provides that:
Medical considerations alone can justify a finding that the individual is not under a disability where the only impairment is a slight neurosis, slight impairment of sight or hearing or other slight abnormality or a combination of slight abnormalities.
20 C.F.R. § 404.1503(c) (1978) provides that:
Where an individual does not have any impairment(s) which significantly limits his or her physical or mental capacity to perform basic work-related functions, a finding shall be made that he/she does not have a severe impairment and therefore is not under a disability without consideration of the vocational factors.
20 C.F.R. § 404.1520(c) (1980) provides that:
If you do not have any impairment(s) which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are therefore not disabled.  We will not consider your age, education and work experience.
20 C.F.R. § 404.1521(b) (1980) provides that:
(b) Basic Work Activities.  When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs.  Examples of these include—
(1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
(2) capacities for seeing, hearing, and speaking;
(3) understanding, carrying out, and remembering simple instructions;
(4) use of judgment;
(5) responding appropriately to supervision, coworkers, and usual work situations; and

(6) dealing with changes in a routine work setting.

**6.**  The word "Secretary," of course, applies to the office, not to the various individuals who have served in the office.

**7.**  Indeed, we find in *Bowen v. Yuckert*, ——— U.S. ———, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) that subsequent to the adjudication of Yuckert's disability claim, the Secretary again officially confirmed the previous official statements when he equated the 1968 regulations with the subsequent regulations.

Subsequent to the adjudication of Yuckert's disability claim, the Secretary issued a ruling "[t]o clarify the policy for determining when a person's impairment(s) may be found 'not severe'...."  [...] The ruling states: "An impairment or combination of impairments is found 'non severe' and a finding of 'not disabled' is made at [step two] when medical evidence establishes only a slight abnormaility or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered (i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities)."

*Yuckert*, ——— U.S. ———, 107 S.Ct. at 2298 n. 12 (J. Powell, majority opinion) *citing*, Social Security Ruling 85–28, App. to Pet. for Cert. 37a.

**8.**  In addition to *Lofton*, the Secretary's brief refers to *Goodermote v. Secretary of Health & Human Services*, 690 F.2d 5 (1st Cir.1982) and *Wallschlaeger v. Schweiker*, 705 F.2d 191 (7th Cir.1983) as the case law which "prevailed at the

denial of disability benefits on the "substantial evidence" basis. Further, *Brady* neither invalidated the 1978 "non-severe" regulation employed in step 2 in *Lofton,* nor overturned *Lofton,* because the *Brady* court held that the 1978 regulation set the same standard, in substance, as the de minimis standard established in the 1968 regulation.

The sequential evaluation process, as designed by the Secretary, serves a salutory purpose. It was designed to improve program efficiency "by limiting the number of cases in which it would be necessary to follow the vocational evaluation sequence." 45 Fed.Reg. 55574 (1980). The severity test contained in step 2 of the process is a reasonable administrative convenience designed to screen out groundless claims.[9]

But Stratton's was not a groundless claim. The undisputed medical evidence before the ALJ shows that Stratton suffered from three primary degenerative conditions: hypertension, obstructive lung disease, and bilateral deafness (total hearing loss of one ear and partial hearing loss of the other). The severity of the impairments was, to some extent, in issue before the ALJ.[10] The ALJ found that "claimant [Stratton] has the following impairments: chronic obstructive pulmonary disease with mild ventilatory defect; hypertension; bilateral hearing difficulty; otitis externa, bilateral; and probable mild osteoarthritis."

The Secretary's repeatedly announced position that the 1978 and 1980 "non-severe" regulation did not alter the 1968 regulation, but rather clarified it, was not the position the Secretary took in Stratton's claim. Throughout the administrative proceedings, the Secretary applied a higher than de minimis standard. The Secretary's brief confirms that fact. In essence, the government's position is that the Secretary did not know that *Brady* would announce what the Secretary's public position concerning the interpretation of the several

time." The ALJ denied Stratton's claim on October 10, 1980. The Appeals Council upheld the ALJ's decision on February 12, 1981. The Seventh Circuit Court of Appeals decided *Goodermote* on September 1, 1982. The First Circuit Court of Appeals decided *Wallschlaeger* on April 5, 1983. As in *Lofton,* neither *Goodermote* nor *Wallschlaeger* addressed the validity of the step 2 "non-severe" regulation. *Goodermote's* sole argument on appeal was "that the ALJ took inadequate account of a 'mental' impairment." *Goodermote,* 690 F.2d at 7. In *Wallschlaeger,* the ALJ found, at step 2, that the claimant suffered no severe impairment. Nevertheless, the ALJ went further with the evaluation process. *Wallschlaeger's* main argument on appeal was "that no vocational expert testified that jobs similar in their requirements of skill and exertion to the light factory work that Wallschlaeger had done before she stopped working in 1965 still existed in the national economy and that her disability claim could not be rejected without such testimony." *Wallschlaeger,* 705 F.2d at 195. Significantly, the Secretary does not refer in his brief, in his discussion of "the case law that prevailed at the time," to the cases of *Perez v. Schweiker,* 653 F.2d 997 (5th Cir. Unit A August 17, 1981) and *Anderson v. Schweiker,* 651 F.2d 306 (5th Cir. Unit A July 17, 1981), decided one month and two months, respectively, before *Lofton.* The ALJ found in *Perez* and *Anderson,* at step 2, that the claimant suffered a severe impairment.

**9.** In *Baeder v. Heckler,* 768 F.2d 547, 551 (3d Cir.1985) the Secretary described the severe im-

pairment regulation in the sequential process as a de minimis requirement which only screens out those applicants whose medical problems could "not possibly" prevent them from working.

In *Bowen v. Yuckert,* —— U.S. ——, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) the Supreme Court described the severity regulation employed in step 2 of the sequential evaluation process (substantially the same regulation as the 1980 regulation), as a necessary one which identifies "at an early stage those claimants whose medical impairments are *so slight* that it is 'unlikely' they would be found to be disabled even if their age, education and experience were taken into account." *Yuckert,* 107 S.Ct. at 2297 (emphasis supplied.).

**10.** As an example: Claimant's treating physician and the consultant's consulting physician found the Claimant to be deaf in the left ear, with otitis and diminished hearing in the right ear. A specialist in otolaryngology found Claimant to have a severe hearing handicap, having found, upon examining Stratton, "chronic inactive otitis media with mixed hearing loss right ear and chronic active otitis media, left ear, with perforation of the tympanic membrane. Based upon that evidence, the ALJ made the finding that the Claimant had "bilateral hearing difficulty."

"non-severe" regulations had been all along, and that the Secretary was therefore substantially justified in applying a standard higher than the de minimis standard set out in the 1968 regulation. As stated in the brief, the Secretary's application of the "non-severe" regulation "did change dramatically" following *Brady*.

■ While an agency's interpretation and application of its own regulation is entitled to great weight, the application of a threshold severity regulation that is greater than de minimis is invalid under the terms of sections 205 et seq. of the Social Security Act, 42 U.S.C. §§ 301 et seq. (1983 & Supp.1987). An overly stringent interpretation of the threshold severity requirement violates the statutory standard for disability by precluding an administrative determination of the crucial statutory question: Whether, in fact, the impairment prevents the claimant from working, given the claimants age, education and experience.

In *Yuckert*, the Supreme Court upheld the facial validity of the 1986 "non-severe" regulation, (substantially the 1980 regulation). *Yuckert*, 107 S.Ct. at 2297. The Supreme Court, having no occasion to consider whether the "non-severe" regulation was validly applied, observed that "a number of courts of appeal have held that the [S]ecretary has exceeded his authority by denying large numbers of meritorious disability claims at step two." *Id.* at 2297 n. 12. The case before this Court represents one of the earlier instances where the Secretary did just that.

Because the Secretary makes no showing whatsoever that the government's position had a reasonable basis either in law or in fact, we hold that the government's position was not substantially justified, and that the district court abused its discretion in denying Stratton's renewed motion for allowance of attorney's fees. Stratton is entitled to the benefit of the EAJA, subject to our findings that follow.

■ Early in the proceedings before the district court, Stratton filed a motion to remand the case to the Secretary on the grounds that the Appeals Council failed to adequately consider post-hearing evidence and that new evidence had become available since the final decision was rendered by the Secretary. Accompanying the motion was a twenty-page memorandum filed in support of the motion to remand. A United States magistrate heard oral argument on the motion to remand and recommended to the district judge that the motion be denied. The district court, in a dispositive order, denied the motion to remand. Because the United States is only responsible for that portion of the attorney's fees attributable to its unjustified position, *Matthews v. U.S.*, 713 F.2d 677, 683–4 (11th Cir.1983), Stratton shall not receive an allowance for attorney's fees incurred in direct connection with the motion to remand.

We should discuss one further matter concerning the determination, on remand, of the attorney's fees Stratton reasonably incurred. That matter arose in the course of routine questioning by the ALJ, when Stratton freely admitted that he smoked approximately a pound can of tobacco per month (Stratton rolled his own cigarettes) against his doctor's advice, and that he had lost, and did not remember, a diet plan his doctor had given him to follow. Thereafter, brief references to Stratton's "willful failure to follow prescribed medical treatment" appeared spasmodically in memoranda the Secretary filed in the district court and in this court. However, the Secretary never took the position that Stratton suffered from a severe medical impairment but was not disabled within the meaning of the Social Security Act due to willful failure to follow prescribed medical treatment in violation of 20 C.F.R. § 404.1518 (1978). Far from it, the Secretary's position in the administrative proceeding and before the district court was that Stratton simply did not suffer from a severe impairment. Stratton's counsel ignored the Secretary's memoranda references to the Claimant's failure to heed his doctor's advice, apparently expecting that the tangential issue mentioned by the Secretary would go

away—and it did. Although the ALJ "noted" Stratton's "doctor's advice" testimony, he made no finding on the subject. The district court made no finding on it. The Appeals Council, on remand from the district court, made no issue of it. Stratton's counsel wisely devoted practically no time in response to it. Because no "doctor's advice" issue developed, no determination of justiciability need be made and that subject will play no part in the fee allowance.

## CONCLUSION

The district court's order denying Stratton's EAJA motion for award of attorney's fees is REVERSED. This Cause is remanded with instructions to award Stratton attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(A) (1985 & Supp.1987), such award to be made in a manner not inconsistent with this opinion.