Robert L. **SPRUIL**, Plaintiff,

v.

Otis R. **BOWEN**, Secretary of Health & Human Services, Defendant.

No. 86–169–Civ–J–12.

United States District Court, M.D. Florida, Jacksonville Division.

July 14, 1988.

Julia B. Reed, Jacksonville Area Legal Air, Inc., Jacksonville, Fla., for plaintiff.

Asst. U.S. Atty. John E. Lawlor, III, Jacksonville, Fla., for defendant; Bruce R. Granger, Chief Counsel, Region IV, James N. Stephens, Principal Regional Counsel for Retirement and Survivors Ins., John Jarrett, Asst. Regional Counsel, Dept. of Health & Human Services, Atlanta, Ga., of counsel.

## ORDER GRANTING ATTORNEY FEES

MELTON, District Judge.

This cause is before the Court on plaintiff's Motion for Attorney Fees, filed herein on September 14, 1987. Defendant (hereinafter "the Secretary") responded with a memorandum in opposition to the motion, filed herein on October 1, 1987. Plaintiff filed a reply on November 13, 1987. The Court heard oral argument from counsel on April 29, 1988. For the reasons stated herein, the motion will be granted and plaintiff will be awarded $2,827.50 as attorney fees.

Plaintiff seeks an award pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (Supp. IV 1986), for attorney fees to compensate Jacksonville Area Legal Aid, Inc., for time expended in support of plaintiff's claim in federal court for social security benefits.[1] The Complaint in this case was filed in March 1986 to obtain

---

1. Jacksonville Area Legal Aid, Inc., cannot charge plaintiff a fee for the services provided, but this fact does not affect plaintiff's claim for an EAJA attorney fees award. *See Martin v. Heckler,* 773 F.2d 1145, 1152 (11th Cir.1985).

judicial review of a final decision by the Secretary that denied plaintiff's claim for Social Security Widower's Insurance benefits. Plaintiff claimed entitlement to benefits as the common-law husband of Lillian Bradley, now deceased.[2] The Secretary concluded that plaintiff was not the decedent's husband and therefore denied the claim for benefits. Pursuant to Local Rule 6.01(21), this matter was referred to the Magistrate. In a Report and Recommendation ("R & R") dated May 29, 1987, the Magistrate concluded that the Secretary's decision was not supported by substantial evidence and therefore should be reversed and remanded for further proceedings. The Secretary did not file objections to the R & R. On June 23, 1987, this Court adopted and confirmed the Magistrate's well-reasoned R & R.

### I. *Substantial Justification*

The EAJA entitles a prevailing party, such as plaintiff, to an award of attorney fees "unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Secretary proffers no argument with regard to "special circumstances," so the Court will proceed solely to determine whether the Secretary's position in this litigation was substantially justified. *See Stratton v. Bowen*, 827 F.2d 1447, 1449 (11th Cir.1987). The government bears the burden of showing that its position was substantially justified. *Id.* at 1450. That is, the government must show that its case had reasonable basis both in law and fact. *Pierce v. Underwood*, — U.S. —, —, 108 S.Ct. 2541, 2549, 101 L.Ed.2d 490 (1988).

The Secretary argues that the decision to deny benefits was based on a weighing of the evidence different from the weight accorded by the Magistrate. Accordingly, the Secretary claims that the decision was substantially justified as a reasonable interpretation of the evidence regarding the existence of a common-law marriage between plaintiff and the decedent. Plaintiff argues that the Secretary gave an incorrect

legal interpretation to a great body of evidence and this misinterpretation resulted in the denial of benefits. Plaintiff posits that the legal standards which the Secretary misapplied are well-established and clearly stated in Florida law.

It is insufficient for the Secretary to frame the issue as a difference in the weight accorded to the evidence. The Magistrate relied on the record created before the Secretary. Consequently, the Secretary does not claim substantial justification based on an asserted difference in proof presented in the two forums. *Cf. Reeves v. Bowen*, 841 F.2d 383, 385 (11th Cir.1988). Moreover, the standard of review precludes a simple disagreement over the weighing of evidence. The question squarely presented is whether the Secretary can demonstrate that his position is substantially justified when it is not supported by substantial evidence.

The Secretary argues that a finding that "a decision of the Secretary not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified." *Couch v. Secretary of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir.1984). The Eleventh Circuit recently declined to settle this issue authoritatively. *See Stratton*, 827 F.2d at 1449 n. 3. The committee report accompanying the 1985 extension to EAJA emphatically rejected the Secretary's argument:

> Especially puzzling, however, have been statements by some courts that an administrative action may be substantially justified under the Act even if it must be reversed because it ... was not supported by substantial evidence. *Agency action found to be ... unsupported by substantial evidence is virtually certain not to have been substantially justified under the Act.* Only the most extraordinary special circumstances could permit such an action to be found to be substantially justified under the Act.

---

**2.** Plaintiff's counsel reports that plaintiff also is deceased at this time.

H. Rpt. No. 120, 99th Cong., 1st Sess., Pt. I, at 9–10 (1985), *reprinted in* 1985 U.S. Code Cong. & Admin. News 132, 138 (emphasis added) (footnote omitted). A bare majority of the Supreme Court, however, quite recently exiled this report to the margin of irrelevance for interpretation of the "substantially justified" standard. *See Underwood,* ——— U.S. at ———, 108 S.Ct. at 2549.

The analysis in *Underwood* raises questions about the relationship between the substantial justification measurement and the substantial evidence rule in its discussion of the former. Explaining that "substantial evidence" is "such evidence as a reasonable mind might accept as adequate to support a conclusion," *id.* (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216–17, 83 L.Ed. 126 (1938)), the Court concluded, "the [meaning] most naturally conveyed by the phrase ['substantially justified'] is ... 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Id.* Properly juxtaposed, the use of these two definitions suggests that a decision not supported by substantial evidence—that is, one lacking adequate evidence to support a conclusion by a reasonable mind—would not be justified to the satisfaction of a reasonable person. This interpretation implies a virtually automatic award of attorney fees when an agency action was not supported by substantial evidence.

Fortunately, congressional debate over the 1985 EAJA extension answers the questions raised by the *Underwood* opinion.[3] Responding to the above-quoted committee report language, Representative

Kindness stated, "[t]his gratuitously authoritarian overstatement appears to be the only error I found in the report." 131 Cong.Rec. H4763 (daily ed. June 24, 1985). Representative Kastenmeier added, "I do not understand the committee report to suggest that a finding that an agency action was not supported by substantial evidence would automatically entitle the prevailing party to fees and expenses or would establish a legal presumption of entitlement to fees." *Id.*

The close relationship between the substantial evidence rule and the substantial justification measurement received significant recognition during the congressional debate. According to Representative Kindness,

> [s]ubstantial justification is a different and a lesser standard than the substantial evidence standard applied in a review of administrative proceedings. The Government may still prove that its position was substantially justified even if the court does not believe that the case on its merits was supported by "substantial evidence on the record as a whole."

*Id.* This difference emphasizes that "the award of attorney fees requires an inquiry separate and distinct from the final disposition of the merits in any case." 131 Cong. Rec. S9993 (daily ed. July 24, 1985) (remarks of Sen. Thurmond). The determination on the merits is not irrelevant, however. "[W]here there is little or no factual support for the agency action, the Government—as a practical matter—has its work cut out for it to prove substantial justification." *Id.* (remarks of Sen. Grassley). The House sponsors of EAJA suggested that

---

**3.** The Court acknowledges the split in authority over the usefulness of the legislative history of the 1985 EAJA extension. *Compare Riddle v. Secretary of Health & Human Servs.,* 817 F.2d 1238, 1241–44 (finding floor comments and committee report useful), *vacated for reh'g en banc,* 823 F.2d 164 (6th Cir.1987) *and United States v. 1,378.65 Acres of Land,* 794 F.2d 1313, 1317–18 & n. 3 (8th Cir.1986) (same) *with Federal Election Comm'n v. Rose,* 806 F.2d 1081, 1089–90 & n. 15 (D.C.Cir.1986) (analyzing contradictions between committee report and floor debates) *and Russell v. National Mediation Bd.,* 775 F.2d 1284, 1288–89 (5th Cir.1985) (finding

legislative history "conflicting and inconclusive"). However, none of the cases calls into question the authoritativeness of the floor debate regarding the relationship between the substantial evidence rule and the substantial justification measurement. The criticism in these cases is directed solely at the committee report's comments on a higher-than-reasonableness standard for substantial justification, an issue settled by *Underwood.* In fact, the criticism of the committee report relies on the greater authority of the floor debates. *E.g., Rose,* 806 F.2d at 1090.

"careful scrutiny" should be made when an agency action lacked the support of substantial evidence, 131 Cong.Rec. H4763 (remarks of Rep. Kindness), and the finding against the government "should be accorded significant weight." *Id.* (remarks of Rep. Kastenmeier).

In this light, the Court's earlier determination on the merits of the Secretary's decision is not controlling at this stage of the litigation, but the weight accorded to that determination requires that the Secretary articulate very precisely why his position is reasonable both in law and fact. In a general sense the Secretary has advanced his argument regarding reasonableness in fact. His argument, however, lacks an appreciation of the law that affects the evaluation of factual reasonableness.

 The Court's examination of the R & R and the record reveals that plaintiff's position better describes why the Secretary's decision was not supported by substantial evidence. The Secretary's Administrative Law Judge did not correctly apply Florida's presumption in favor of a valid common-law marriage given the facts of this case, *see* R & R, pp. 6–7, and the evidence relied upon to rebut this presumption did not have significance under clearly established Florida law, *see id.* at 7–9. The clarity of existing law is an important factor in determining whether the Secretary's position was substantially justified.[4] *See Haitian Refugee Center v. Meese,* 791 F.2d 1489, 1497, *modified on other grounds,* 804 F.2d 1573 (11th Cir.1986) (listing this factor among others); *Enerhaul, Inc. v. NLRB,* 710 F.2d 748, 751 (11th Cir. 1983). The Secretary may not claim the sanctuary of substantial justification when the clearly established legal standard does not permit the interpretation of the evidence upon which the Secretary relies. *See Stratton,* 827 F.2d at 1450–53. A reasonable person could not be satisfied that the Secretary's decision to deny benefits was justified given the misapplication of unambiguous legal principles to uncontroverted

facts. The Court concludes that the Secretary required more proof of the common-law marriage than is required by Florida law, that this requirement resulted in the denial of benefits to plaintiff, and that the Secretary has failed to show that this legal and factual error was substantially justified.

## II. *Reasonableness of Fee Request*

Having determined that an entitlement to attorney fees lies, the Court must evaluate the amount for reasonableness. Plaintiff claims 62.7 hours at the statutory maximum hourly rate of $75, totalling $4,702.50. The hourly rate is not in dispute and the record adequately supports it, based on the comparable market rate for an attorney of plaintiff's counsel's skill in this kind of case. The Secretary, however, vigorously disagrees with the reasonableness of the number of hours claimed by plaintiff's counsel. The Secretary suggests that a reasonable amount of time in this case should be about 20 hours. The Court places the correct figure between the parties' estimates.

 Plaintiff's counsel supports the claim for attorney fees with an affidavit from Lamar Winegeart, III. While the Court holds Mr. Winegeart in the utmost esteem, his affidavit lacks specificity on the issue of the number of hours reasonably expended on behalf of plaintiff. The Court therefore must exercise its independent judgment on this issue. *See Norman v. Housing Auth.,* 836 F.2d 1292, 1303 (11th Cir.1988). Upon independent review of plaintiff's counsel's schedule of hours, the Court finds that reduction is appropriate.

The claim for hours reasonably expended on plaintiff's behalf can be categorized as follows:

1. Case file review ........ 1.9 hours
2. Research & brief writing .. 37.3
3. Preparation for, participation in oral argument, and review of court's decisions ........ 3.2
4. Motion for attorney fees .. 18.7

---

4. Two other factors generally weighed in EAJA awards, the foreseeable length and complexity of the litigation and the consistency of the government's position, do not have a significant impact on the Court's decision in this case.

5. Communications with Social Security Administration 1.6

TOTAL 62.7 hours

The Court finds that categories 1, 3, and 5 reflect a reasonable amount of time devoted to each listed task. The hours expended in categories 2 and 4 are excessive.

■ Plaintiff's counsel claims nearly two hours of research and writing time per page of a brief which addressed the clearly established law of Florida. This figure seems on its face to be higher than the law would permit as a reasonable figure. Some of the research had been done at the administrative level. The Court does not mean to imply that plaintiff's counsel did not spend the time which she claims. The Court is confident that counsel spent the time claimed and subjectively felt the necessity of spending this amount of time. However, the claim must be measured by the standard of "billing judgment" in private legal practice. *See Norman*, 836 F.2d at 1301. This billing judgment forbids compensation for duplication of work. *See id.* at 1301–02 (redundant hours); *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir.1988) (complete duplication). Based on the Court's experience regarding billing judgment and social security fee applications, the number of hours claimed for research and writing is reduced to 25.

■ Plaintiff's counsel claims approximately 30% of her time in preparation of the present application for fees. In doing so, she appears to stray from the Supreme Court's teaching that "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1981). In particular, the Court disallows all hours claimed relative to the reply memorandum. The Local Rules discourage reply memoranda that are not requested by the Court and plaintiff's counsel's decision to seek permission to file one is a decision that should not be billed to the Secretary. *Cf.* 28 U.S.C. § 2412(d)(1)(C)

(Supp. IV 1986). This reduction leaves a claim for 9.2 hours, but the Court cannot endorse this figure. Although EAJA apparently permits compensation for the preparation of the fee request, *see Volpe v. Heckler*, 610 F.Supp. 144, 147 (S.D.Fla. 1985), the Court's experience is that a fully developed application in a social security case requires no more than 3 to 4 hours.[5] *E.g., Woodruff v. Bowen*, Case No. 84–462–Civ–J–12 (M.D.Fla., July 6, 1988) (4 hours); *Volpe*, 610 F.Supp. at 147 (3 hours). The Court, however, required plaintiff's counsel to appear at a hearing on this fee request. Consequently, the Court allows an additional 2 hours relating to preparation for and attendance at that hearing. The number of hours claimed for the motion for attorney fees is reduced to 6.

### III. *Amount of Award*

■ Based on the foregoing, the Court finds that 37.7 hours were reasonably expended on plaintiff's behalf. Multiplying that figure by the reasonable hourly rate of $75, the Court arrives at a lodestar figure of $2,827.50. The Court is required to evaluate whether this lodestar should be adjusted upward or downward, *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985), although most of the factors historically applied in this process are subsumed within the lodestar calculation, *see Blum v. Stetson*, 465 U.S. 886, 898–900, 104 S.Ct. 1541, 1548–49, 79 L.Ed.2d 891 (1984). While the parties disagree over the number of hours reasonably expended, this disagreement is not based on any factor normally applied to post-lodestar enhancement or reduction. The Court concludes that this case is not the kind of "rare" and "exceptional" case for which adjustment of the lodestar is permissible or supported by specific evidence in the record. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 106

---

5. In finding this to be the case, the Court does not foreclose the possibility that an EAJA fee award application could take more time. However, a claim for more than 4 hours should occur only when the circumstances of the case compel an extraordinarily complex fee application. Since the government bears the burden of proving substantial justification, the Court perceives that the need for complex fee applications will be indeed rare.

308

S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986); *Norman,* 836 F.2d at 1302.

Accordingly, it is

ORDERED AND ADJUDGED:

1. That plaintiff's Motion for Attorney Fees is hereby granted; and

2. That the Secretary is hereby directed to pay to plaintiff's attorney, Jacksonville Area Legal Aid, Inc., a fee of $2,827.50, in accordance with 28 U.S.C. § 2412(d)(4).