QUEEN SQUARE, Plaintiff,

v.

William A. HALTER,[1] Acting
Commissioner of Social
Security, Defendant.

No. Civ.A. 00–0516–BH–L.

United States District Court,
S.D. Alabama,
Northern Division.

April 12, 2001.

---

**1.** William A. Halter became Acting Commissioner of Social Security on January 20, 2001. Pursuant to Fed.R.Civ.P. 25(d)(1), William A. Halter should be substituted as defendant. No further action is needed to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Felice Ann Stern Goldstein, Darryl W. Hunt, Marilyn H. Macey, Clark & James, LLC, Birmingham, AL, for Plaintiff.

Patricia Nicole Beyer, U.S. Attys. Office, Mobile, AL, for Defendant.

## ORDER

HAND, Senior District Judge.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated this the 15th day of March, 2001 is **ADOPTED** as the opinion of this Court.

## REPORT AND RECOMMENDATION

LEE, United States Magistrate Judge.

This cause is before the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure on plaintiff's application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 20). Upon consideration of all pertinent materials presented, it is determined that plaintiff should receive a reasonable attorney's fee in the amount of $1,525.00 under the EAJA for 12.20 hours of legal services rendered by plaintiff's attorney in this Court at the rate of $125.00 per hour. *See Boone v. Apfel,* 99–0965–CB–L (S.D.Ala.2001) (Doc. 38 Report and Recommendation, March 13, 2001).

### FINDINGS OF FACT

1. On January 25, 2001, this Court entered a Rule 58 judgment reversing and remanding this cause to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (Doc. 18; *see also* Doc. 16.)

2. On February 12, 2001, plaintiff filed a motion for award of attorney's fees under the EAJA which contained an itemized listing of work performed on behalf of the plaintiff (Doc. 20.) In the motion, plaintiff requests attorney's fees in the amount of $2,093.75 to compensate plaintiff's counsel for 16.75 hours of legal services rendered based on an hourly rate of $125.00 (Doc. 20).

3. The Commissioner of Social Security filed an objection to plaintiff's application and brief on February 28, 2001 (Doc. 22). The Commissioner objects to plaintiff's request for an hourly rate of compensation of $125.00 as excessive. Furthermore, the Commissioner objects to a total of 6.85 hours requested for compensation.

The Commissioner requests reductions to sixteen entries, as either excessive, redundant and/or unnecessary for the work described in the entry. Specifically, defendant objects to .20 hours of the .25 hours claimed for reimbursement of attorney time requested in twelve entries (all three July 18, 2000 entries, November 22, 2000, both entries on November 24, 2000 and December 4, 2000, November 27, 2000, December 8, 2000, January 2, 2001 and February 6, 2001). Defendant also objects to .95 hour of the 1.0 hour requested for entry dated January 4, 2001. Further, defendant objects to 2.0 hours of the total 9.0 requested for brief preparation on October 5, 2000 and October 6, 2000 and to

1.50 of the 2.50 requested for entry of February 8, 2001 as excessive.

In the pleading, defendant requests a total reduction of time in the total amount of 6.85 hours. The Commissioner requests a compensation of $1,158.30 for 9.90 hours at $117.00 per hour.

### CONCLUSIONS OF LAW

■ The Equal Access to Justice Act requires a district court to "award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Court remanded this case pursuant to sentence four of 42 U.S.C. § 405(g), which makes the Plaintiff a prevailing party under the EAJA.[2] Furthermore, the United States has the burden of showing that it was substantially justified in this matter. *Stratton v. Bowen,* 827 F.2d 1447, 1450 (11th Cir.1987). The United States has declined to dispute this issue and therefore has failed to meet its burden.

The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The thirty-day clock did not begin to run in this case until this Court's reversal and remand order of January 25, 2001, became final, which occurred at the end of the sixty (60) days for appeal provided under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, *see Shalala v. Schaefer,* 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993), that is, March 26, 2001. The application filed in this case, bearing a date of February 12, 2001, is timely though premature, since it was filed prior to April 25, 2001.

### HOURLY RATE UNDER THE E.A.J.A.

■ With regard to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act, provides in pertinent part as follows:

... The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125.00 per hour, unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (West 2000).

In *Meyer v. Sullivan,* 958 F.2d 1029 (1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

The first step in the analysis, ... is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." ... The second step, which is needed only if the market rate is greater than $[125.00] per hour, is to determine whether the court should adjust the hourly fee upward from $[125.00] to take into account an increase in the cost of living, or a special factor.

*Id.* at 1033–1034 (citations and footnote omitted).

Therefore, the undersigned must first determine the prevailing market rate. In *Boone v. Apfel,* 99–0965–CB–L (S.D.Ala.

---

**2.** "[A] party who wins a sentence-four remand order is a prevailing party." *Shalala v.* *Schaefer,* 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

2001), the undersigned in a report and recommendation determined that the prevailing market rate in the Southern District of Alabama is $125.00 per hour. *See id.* (Doc. 38). Consistent with this prior finding, the undersigned recommends that the prevailing market rate is $125.00.

▮ With regard to the reasonableness of the hours claimed by plaintiff's attorney "the fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Housing Authority,* 836 F.2d 1292, 1303 (11th Cir.1988). "[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Id.* at 1306. *See also ACLU of Georgia v. Barnes,* 168 F.3d 423, 428 (11th Cir.1999) ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.")

▮ Attached to plaintiff's fee petition is a time itemization detailing the description of work performed and the date. The undersigned has reviewed the pleadings of the parties and the itemization and finds that some of times attributed to the task are due to be reduced as they are excessive for the task described. Specifically, a reduction is recommended because the tasks of a phone call to get consent for an extension and the review of one or two page non-contested documents should not take fifteen minutes each as claimed. The recommended reductions are as follows:

a. July 18, 2000. The three times are reduced from .25 hours to .05 hour each for a reduction of .60 hour.

b. November 22, 2000. The time is reduced from .25 hour to .05 hour for a reduction of .20 hour.

c. November 24, 2000. The two times are reduced from .25 hours to .05 hours each for a reduction of .40 hour.

d. November 27, 2000. The time is reduced from .25 hour to .05 hour for a reduction of .20 hour.

e. December 4, 2000. The time is reduced from .25 hour to .05 hour for a reduction of .20 hour.

f. December 8, 2000. The time is reduced from .25 hour to .05 hour for a reduction of .20 hour.

g. January 2, 2001. The time is reduced from .25 hour to .10 hour for a reduction of .15 hour.

h. February 6, 2001. The time is reduced from .25 hour to .10 hour for a reduction of .15 hour.

The total reduction for these time entries is 2.10 hours.

▮ On January 4, 2001, plaintiff claims one hour to review the motion for entry of remand. This motion is a one and one-half page document and indicates that plaintiff previously agreed to the motion. The undersigned finds that one hour to review a one and one-half page motion which was previously agreed upon is clearly excessive. This time is reduced from 1.0 hour to .05 hour for a reduction of .95 hour.

▮ On February 8, 2001, plaintiff claims 2.50 hours to review, file and prepare the EAJA petition. The undersigned finds that this request is excessive. This time is reduced from 2.50 hours to 1.0 hour for a reduction of 1.50 hours.

The total reduction of time is 4.55 hours. Therefore, the undersigned concludes that a claim for 12.20 hours of attorney time expended representing plaintiff in federal court is reasonable.

### *CONCLUSION*

Upon consideration of all matters presented, it is recommended that plaintiff be awarded attorney's fees in the amount of $1,525.00 under the Equal Access to Justice Act, representing compensation for 12.20 hours of service by Marilyn H. Macey at the rate of $125.00 an hour.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.