**Dirven D. REEVES, Plaintiff–Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant–Appellee.**

**No. 87–7444**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 28, 1988.

384

Nelson Simmons, Jr., Legal Services of North–Central Alabama, Inc., Decatur, Ala., for plaintiff-appellant.

Frank W. Donaldson, U.S. Atty., Birmingham, Ala., Elyse S. Sharfman, U.S. Dept. of Health and Human Services, Office of the Chief Counsel, Atlanta, Ga., for defendant-appellee.

Before RONEY, Chief Judge, HATCHETT and ANDERSON, Circuit Judges.

PER CURIAM:

Social Security Claimant Dirven D. Reeves appeals the district court's denial of his application for attorney's fees under the Equal Access to Justice Act (EAJA). 28 U.S.C.A. § 2412. Because the district court did not abuse its discretion in concluding that the Government's position was "substantially justified," even though Reeves prevailed on an appeal to this Court and ultimately was awarded benefits by the agency, we affirm.

This case has an unusual history. Reeves initially filed for disability benefits claiming hip, leg and hearing problems as his disabling conditions. Denied benefits by the agency and the district court, Reeves appealed to this Court. As a result, the case was remanded to the Secretary to consider the need for an orthopedic evaluation and to consider claimant's impairments in combination. *Reeves v. Heckler*, 734 F.2d 519 (11th Cir.1984).

On remand, new evidence was presented by Reeves showing that he had a significantly subaverage I.Q. The Secretary held this mental deficiency established claimant's presumptive disability and entitlement to benefits. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05. The Administrative Law Judge (ALJ) did not consider the need for an orthopedic examination nor the effect of claimant's impairments in combination, that being unnecessary due to the award of benefits on the ground of mental incapacity.

On Reeves' application for attorney's fees under the EAJA, the district court denied the petition on the ground that the Government's position was substantially justified. 28 U.S.C.A. § 2412(d)(1)(A). That decision is reversible on this appeal only if the district court abused the discretion it has in such determinations. *Strat-*

ton v. Bowen, 827 F.2d 1447 (11th Cir. 1987); White v. United States, 740 F.2d 836 (11th Cir.1984).

The problem with this case is that no one knows whether the claimant could have prevailed if on remand an orthopedic examination had been made and claimant's impairments had been considered in combination. Nor can one tell if the Government's opposition to relief on that analysis would have been justified.

■ Contrary to the argument that the Secretary's position was unreasonable because the ALJ failed initially to order a consultative orthopedic examination, this Court did not hold the failure to order such an examination was reversible error. We said:

> While we do not base our decision on this issue, the ALJ failed to order a consultative examination by an orthopedist even though the SSA's consulting doctor recommended such an evaluation. The regulations provide that the ALJ may order a consultative examination when warranted. 20 C.F.R. Sec. 404.1517 (1983). It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision. Ford v. Secretary of Health and Human Services, 659 F.2d 66, 69 (5th Cir.1981) (Unit B). On remand the ALJ should consider the need for an orthopedic evaluation.

Reeves v. Heckler, 734 F.2d at 522 n. 1. Thus, the Court expressed no opinion as to the necessity for an examination in this case but directed the ALJ to consider the need for an orthopedic evaluation. The new evidence on the mental disability cut short the need for that consideration.

■ Neither can it be said that the Secretary's position was unjustified because the ALJ should have requested that Reeves take an I.Q. test. No reason for such testing was indicated in the initial proceeding. Claimant did not allege mental retardation as a basis for his disability. Neither claimant nor his paralegal representative requested an I.Q. test. In his attorney's brief to the district court, claimant alleged serious psychological problems but charac-

terized them as depression, anxiety and nervousness.

Although Dr. Stephen Branning, an internist, diagnosed subnormal intelligence in his report of March 14, 1980, he performed no testing to substantiate this, and did not repeat the diagnosis in February, 1981. Claimant had a tenth grade education and was described by Dr. Haney, a psychiatrist, as of average intelligence in January 1981. Claimant testified that he could read a newspaper, perform basic mathematical computations, and make change. Nothing in the record at the initial hearing warranted a finding that claimant's I.Q. was so low that he met the listings or that further development was indicated. Based on the record in the initial hearing, the Government cannot be faulted for failing to foresee the transformation of the basis for the claim from physical to mental disability.

■ As to the combined effects of his impairments, although this Court remanded the case for further consideration, it was not an abuse of discretion for the district court to decide that the Secretary was substantially justified in arguing that a reasonable attempt was made by the ALJ to consider claimant's impairments in combination. After describing each medical exhibit submitted to the record, the ALJ summarized all of claimant's medically determinable impairments and the limitations he experienced from each. The ALJ partly credited claimant's subjective complaints of pain, and reached a determination that the combination of his impairments limited him to a wide range of sedentary work activities. In his decision, the ALJ stated "[c]ombined, the claimant's impairments can be expected to limit him to at least a wide range of sedentary work activities." This language has been held sufficient to meet the requirement of considering impairments in combination. Wheeler v. Heckler, 784 F.2d 1073, 1076 (11th Cir. 1986).

The district court, thus, did not abuse its discretion in concluding that the Government was justified in opposing the claim based on the evidence submitted in the initial agency determination. It seems ap-

parent that had the evidence of mental retardation been presented at that initial hearing, the Secretary would have awarded Social Security benefits and the litigation in the courts would have been unnecessary. The law is clear that claimant is not entitled to attorney's fees for an administrative hearing with no court involvement. *Taylor v. Heckler,* 778 F.2d 674, 676 (11th Cir. 1985); *White v. United States,* 740 F.2d 836, 840 (11th Cir.1984).

AFFIRMED.