Dirven D. REEVES, Plaintiff–Appellant,

v.

Otis R. BOWEN, Secretary of Health
and Human Services,
Defendant–Appellee.

No. 87–7444.

United States Court of Appeals,
Eleventh Circuit.

Nov. 9, 1988.

Nelson Simmons, Jr., Legal Services of North–Central Alabama, Inc., Decatur, Ala., for plaintiff-appellant.

Frank W. Donaldson, U.S. Atty., Birmingham, Ala., Elyse S. Sharfman, U.S. Dept. of Health and Human Services, Office of the Chief Counsel, Atlanta, Ga., for defendant-appellee.

ON PETITION FOR REHEARING

(Opinion 841 F.2d 383 (11th Cir.1988))

Before RONEY, Chief Judge,
HATCHETT and ANDERSON, Circuit
Judges.

ORDER:

On petition for rehearing, plaintiff Reeves argues that the disposition of this case, reported as *Reeves v. Bowen*, 841 F.2d 383 (11th Cir.1988), is inconsistent with the result reached by another panel of this Court in *Hudson v. Bowen*, 839 F.2d 1453 (11th Cir.1988). We disagree.

This case concerned an application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C.A. § 2412(d), where this Court had previously remanded the Secretary's denial of benefits in order for the Secretary to consider the need for an orthopedic evaluation and to consider claimant's impairments in combination. *Reeves v. Heckler*, 734 F.2d 519 (11th Cir.1984). On remand, plaintiff Reeves asserted an entirely different ground from any previously asserted, and the Secretary granted benefits on that claim. Since the law is clear that a claimant is not entitled to attorney's fees for any administrative hearing with no court disposition, *Taylor v. Heckler*, 778 F.2d 674, 676 (11th Cir.1985), no EAJA attorney's fees are due after remand when disability benefits were awarded on grounds never presented by the plaintiff at the initial agency determination.

In *Hudson v. Bowen*, the court held that on the facts of that case, the Secretary's position prior to remand by this Court was not substantially justified. Therefore, the plaintiff was entitled to fees for work before the agency necessitated by the remand in order to obtain benefits on the disability originally asserted, albeit on new evidence, even though the Government did not have representation after the remand.

In *Reeves*, had the plaintiff asserted the claim upon which benefits were granted in the first instance, court litigation might never have occurred. In *Hudson*, it was

only because of court litigation that plaintiff obtained benefits.

The petition for rehearing is DENIED.