Christine JONES, Galina Alexandrov, Doris Wilson, Linda Anderson, Elizabeth Abrego, Leatha Davis, Ronald Cornman and Michael Morgenroth, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,

v.

Michael ESPY,* in his official capacity as secretary of the United States Department of Agriculture, and Linda McMahon, in her official capacity as director of the California Department of Social Services, Defendants–Appellees.

No. 92–55130.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 1993.

Decided Dec. 2, 1993.

---

* Michael Espy is substituted for his predecessor, Edward Madigan, as Secretary of Agriculture.

Fed.R.App.P. 43(c)(1).

Brian Lawlor and Francisca Baxa, Legal Aid Foundation of Los Angeles, Los Angeles, CA, for plaintiffs-appellants.

Mary Doyle, U.S. Dept. of Justice, Washington, DC, Jack Kuznitsky, Deputy Atty. Gen., Los Angeles, CA, for defendants-appellees.

Before: FLOYD R. GIBSON,** HALL, and KLEINFELD, Circuit Judges.

FLOYD R. GIBSON, Senior Circuit Judge:

The plaintiffs in this case appeal the district court's decision to apportion the attorney fees in this case between the federal and state defendants and its calculation of those fees. We affirm.

## I. BACKGROUND

The plaintiffs filed a class action suit against the Secretary of the United States Department of Agriculture (the federal defendant) and the Director of the California Department of Social Services (the state defendant) challenging the validity and application of certain aspects of California's administration of the Food Stamp program.[1] The parties reached a partial settlement, which was approved by the district court. The court then granted the defendants summary judgment on the remaining issues.

Based on their partial victory, the plaintiffs sought attorney fees from the state defendant based on 42 U.S.C. § 1988 (1988) and from the federal defendant based on 28 U.S.C. § 2412(d) (1988) (the Equal Access to Justice Act, or "EAJA"). The court reduced

the plaintiffs' claim of 550.5 hours to 370.575 hours due to the limited success achieved in the lawsuit, then apportioned the hours worked evenly between the state and federal defendants. The federal defendant was ordered to pay its share of attorney fees at the rate of $108 per hour, which figure was derived by starting with the $75 per hour rate mandated by EAJA, 28 U.S.C. § 2412(d)(2)(A), and adjusting upward for increases in the cost of living as reflected in the Consumer Price Index for Urban Consumers ("CPI-U") for "all items." In contrast, the state defendant was ordered to pay its share of attorney fees at the rate of $135 to $210 per hour, as these reflected the then-prevailing market rates. The plaintiffs appeal the court's apportionment of hours between the defendants and its decision to use the CPI-U (all items) to calculate the cost of living for the award under EAJA.

## II. DISCUSSION

### A. Apportionment

The plaintiffs argue the district court should have calculated the total fee award by multiplying the compensable hours by the market rate, then held the state and federal defendants jointly and severally liable for this sum. The plaintiffs concede their recovery from the federal defendant would have been limited by EAJA, but argue they could have then collected the remainder of their "full" award from the state defendant. We disagree.

■ Contrary to the plaintiffs' suggestion, *Corder v. Gates*, 947 F.2d 374 (9th Cir. 1991) does not permit apportionment of fees only when the time expended against each defendant is disproportionate. *Corder* mandates apportionment in such situations, *id.* at 383, but it does not bar it in others. Apportionment is mandated in these situations in order to ensure that a defendant is not liable for a fee award greater than the actual fees incurred against that defendant. The usual cause of disproportionate fee awards is a

** The Honorable Floyd R. Gibson, Senior Circuit Judge from the Eighth Circuit, sitting by designation.

1. We choose not to explain the precise nature of the plaintiffs' suit because it is not critical to understanding the legal issues involved in this appeal.

difference in the amount of time expended against each defendant (as in *Corder*, where the time was split 75/25 between the two defendants). This case presents an unusual situation: though equal amounts of time were expended against each defendant,[2] each defendant's liability for each hour of legal work was unequal. Regardless of the reason, this still represents a disproportion in liability for fees; so, as in *Corder*, apportionment is appropriate.

The situation is not unlike the one in *Southeast Legal Defense Group v. Adams*, 657 F.2d 1118 (9th Cir.1981), in which one of the two defendants was immune to attorney fee awards. There, the plaintiff expended 75% of its time against a state defendant and 25% against a federal defendant, but the state defendant was liable for attorney fees and the federal defendant was not. In upholding the district court's order awarding the plaintiffs 75% and not 100% of their fees from the state defendants, we observed

> This is not a case of reducing fees by 25%, but rather is a case where plaintiffs are only entitled to fees for their action as against the state defendants. Since plaintiffs are not entitled to fees for their suit against the federal defendants, they cannot recover them from the state defendants.

657 F.2d at 1125. Similarly, this is not a case in which the plaintiffs' "full" award has been reduced; rather, it is one in which one defendant is fully liable for the attorney fees expended against it and the other is not.[3]

The flaw in the plaintiffs' argument is that it assumes they are entitled to the "full lodestar"; that is, they are entitled to the product of the hours worked multiplied by the market rate. Because the federal government has only partially waived its sovereign immunity, plaintiffs are unable to collect the federal defendant's "full share" of the lodestar; thus, they must be allowed to collect the shortfall (the difference between the federal defendant's liability at market rates and the limited liability under EAJA) from the state defendant. The initial assumption is incorrect; because the federal defendant is not fully liable for market rates, the plaintiffs were never entitled to a full lodestar.

## B. Cost of Living Adjustment

Attorney fees under EAJA "shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (1988). In determining the degree of the cost of living adjustment, the district court relied on the CPI–U (all items) instead of the CPI–U for "legal services." The plaintiffs argue EAJA's reference to "cost of living" can be interpreted to mean "the cost of legal services," thereby indicating the CPI–U (legal services) was the appropriate basis for calculating the fee adjustment. We disagree; if Congress had meant to permit upward adjustments based on the increased cost of legal services, it would have done so with greater specificity and clarity. *Sullivan v. Sullivan*, 958 F.2d 574, 577 (4th Cir.1992). By using the generalized phrase "cost of living," Congress meant to permit upward adjustments based on the overall purchasing power of money and not on the ability of money to buy legal services. *E.g., Harris v. Sullivan*, 968 F.2d 263, 265 (2d Cir.1992); *Dewalt v. Sullivan*, 963 F.2d 27, 29–30 (3d Cir.1992); *Sullivan v. Sullivan*, 958 F.2d at 576–77. In fact, "[f]rom the time subsection 2412(d) first became effective on October 1, 1981, almost

---

**2.** The plaintiffs contend the district court incorrectly apportioned the time on a 50/50 basis based on its belief that the state and federal defendants were equally culpable, which is impermissible under *Corder*. 947 F.2d at 383. We note that this is exactly what the court did not do; as the court explained, "[h]ere, Plaintiffs appear to have expended equal time upon each defendant, and the fee award shall be apportioned 50/50." *Jones v. Madigan*, No. CV89–0768–WDK, slip op. at 15 (C.D.Cal. Nov. 8, 1991). Given that the causes of action against the two defendants were inextricably inter-

twined, we cannot say that the district court abused its discretion when it made this determination.

**3.** The plaintiffs also argue that the court's factual characterization was incorrect in that the same amount of time would have been expended even if only one defendant were involved. Clearly, this is a question of fact that was resolved adversely to the plaintiffs, and we are presented with no information demonstrating this finding was clearly erroneous.

every court that has applied this subsection has held, albeit without debate on the specific issue, that 'cost of living' has this ordinary meaning and is properly measured by the Consumer Price Index." *Harris*, 968 F.2d at 265. The district court correctly eschewed reliance on the CPI–U (legal services).

### III. CONCLUSION

Apportioning the time expended by plaintiffs' counsel against each defendant was proper in this case because it prevented the state defendant from shouldering any of the burden associated with the federal defendant's limited liability for attorney fees. Furthermore, the district court properly relied on the CPI–U (all items) because it measures changes in the cost of living whereas the CPI–U (legal services) only measures changes in the cost of legal services.