48 F.3d 1228
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Tami LACAYO, By and Through her Guardian Ad Litem, Rebecca
Lacayo; Rebecca Lacayo; Richard Lacayo; George Benjamin
Frederickson, By and Through his Guardian Ad Litem, Sandra
Frederickson; Scott Theodore Frederickson, By and Through
his Guardian Ad Litem, Sandra Frederickson; Sandra
Frederickson; Larry Frederickson; Jackson Hale Bloom, By
and Through his Guardian Ad Litem, Kathleen Bloom; Kathleen
Bloom; Richard Dunigan, By and Through his Guardian Ad
Litem, Debra Dunigan; Christopher Dunigan, By and Through
his Guardian Ad Litem, Debra Dunigan; Debra Dunigan; Paul
Dunigan; Bryan Smith, By and Through his Guardian Ad Litem,
Jolene Smith; Jolene Smith; Jason Smith; Joann
McClanahan, Plaintiffs-Appellees.
v.
Bill HONIG, in his official capacity as Superintendent of
Public Instruction for the State of California,
Superintendent; California Department of Education; Clyde
Chantry, in his official capacity as Director of Compliance
for the California Department of Education; the Board of
Education for the State of California; Joseph Carrabino;
Marion McDowell, in her official capacity as member of the
Board of Education for the State of California, et al.,
Defendants-Appellants.
 No. 93-16247.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 15, 1994.
Decided Feb. 22, 1995.
 
 Before: SKOPIL, NORRIS, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants challenge an award of attorney's fees by the district court, arguing that the court was required to apportion fees among the various defendants according to the time spent pursuing each defendant and according to relative culpability. We reject these arguments and affirm.
 
 
 3
 The State argues that the district court was required to apportion the fee award among State and local defendants. Awarding attorney's fees is within the discretion of the district court and we review such decisions for an abuse of discretion. Corder v. Gates, 947 F.2d 374, 377 (9th Cir.1991). We review the district court's legal conclusions de novo, and its factual findings for clear error. Id.
 
 
 4
 Appellants claim that the district court was required to apportion fees according to relative culpability, citing Sable Comm. of California v. Pacific Telephone & Telegraph Co., 890 F.2d 184, 194 (9th Cir.1989). However, as our opinion in Corder made clear, the concern in Sable was that grossly disproportionate time had been spent pursuing the relatively less culpable appellant. Corder, 947 F.2d at 381-82. Furthermore, our decision in Corder not only made clear that apportionment by culpability was not mandated, but also strongly suggested that such apportionment would be an abuse of discretion.[1] Id. at 382-83.
 
 
 5
 Appellants argue that even if apportionment by culpability was not required in this case, apportionment according to time spent was. However, whether to apportion the fee award according to time spent is within the discretion of the district court. See Jones v. Espy, 10 F.3d 690, 691-92 (9th Cir.1993); Corder, 947 F.2d at 381. This court has upheld district courts' decisions to apportion fees in several cases. See Jones, 10 F.3d at 691-92; Woods v. Graphic Communications, 925 F.2d 1195, 1207 (9th Cir.1991); Southeast Legal Defense Group v. Adams, 657 F.2d 1118, 1125-26 (9th Cir.1981). We have also upheld the refusal to apportion fees. Corder, 947 F.2d at 383. We have only found an abuse of discretion in the decision not to apportion fees "when the time expended by the plaintiff in pursuing each defendant was grossly unequal." Corder, 947 F.2d at 383 (emphasis omitted).
 
 
 6
 There was no such disproportion in the time expended pursuing state and local defendants in this case. Appellants argue that they were not the "focus" of the litigation,[2] but concede that the bulk of the time at issue was expended on tasks relevant to all defendants. The magistrate agreed, finding that "[h]ad plaintiffs decided initially to proceed only against the state defendants, a level of time and effort comparable to that shown here would have been required." E.R. Tab 227, at 26-27. This finding is not clearly erroneous. Nor does this case present any other special circumstances that would make the refusal of the district court to apportion fees an abuse of its discretion.
 
 
 7
 The district court's order is AFFIRMED. Upon REMAND, the district court shall award attorney's fees for this appeal and consider Appellees' request for interest on the amount of fees that were owing during the pendency of this appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Appellants misread Second Circuit caselaw as requiring, as a matter of law, that fee awards in IDEA cases be apportioned according to a 80%/20% division between local and state defendants. As Corder makes clear, division according to culpability is not mandated in this circuit. 947 F.2d at 382-83. Furthermore, it appears that it is not mandated in the Second Circuit either. See Jose P. v. Ambach, 669 F.2d 865, 871 (2d Cir.1982) (holding that division by culpability was not "clearly erroneous"); Getty Petroleum Corp. v. Bartco Petroleum Corp., 858 F.2d 103, 114 (2d Cir.1988) (holding that imposition of joint and several liability for attorney's fees was within the trial court's discretion), cert. denied, 490 U.S. 1006 (1989)
 
 
 [2]
 The assertion is denied by Appellees and contradicted by the findings of the magistrate who stated that the settlement agreement "worked a sea change in the role of the state defendants in implementing federal law governing education of children with disabilities." E.R. Tab 227, at 22