**Randal MOBLEY, Plaintiff,**

v.

**Kenneth APFEL, Commissioner of Social Security, Defendant.**

No. 3:98–CV–1184–J–HTS.

United States District Court,
M.D. Florida,
Jacksonville Division.

June 14, 2000.

Leo B. Hill, Law Office of Leo B. Hill, Orange Park, FL, for plaintiff.

Ralph J. Lee, U.S. Attorney's Office, Jacksonville, FL, Susan R. Waldron, U.S. Attorney's Office, Tampa, FL, for defendant.

### ORDER

SNYDER, United States Magistrate Judge.

Having secured a favorable judgment pursuant to sentence four of 42 U.S.C. § 405(g), *see* Judgment in a Civil Case (Doc. # 27; Judgment), filed on February 22, 2000, Plaintiff now seeks attorney's fees under the Equal Access to Justice Act (EAJA). His Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. # 28; Application) and Plaintiff's Attorney's Memorandum Supporting Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. # 29) were filed on May 11, 2000. The Commissioner opposes the Application. *See* Defendant's Opposition to Plaintiff's Application for Attorney Fees Pursuant to 28 U.S.C. § 2412(d) (Doc. # 32; Opposition), filed on May 22, 2000.

#### A. Eligibility

Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, eligibility for a fee award requires that: (1) the claimant be a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the Complaint was filed; and (5) there are no special circumstances which would make the award unjust. *See* 28 U.S.C. § 2412(d); *Commissioner, INS v. Jean,* 496 U.S. 154, 158, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). It is concluded all five requirements have been met.

### (1) Prevailing Party

The Judgment reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case with instructions to "1) reassess and make specific findings in regard to residual functional capacity; 2) apply the Eleventh Circuit pain standard; 3) consider ordering a consultative medical examination; 4) obtain the testimony of a vocational expert, if appropriate; and 5) conduct any further proceedings deemed necessary." The Supreme Court has made clear that "obtaining a sentence-four remand makes the claimant a 'prevailing party' without regard to what happens on the remand." *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 980 (7th Cir.1999) (citing *Shalala v. Schaefer*, 509 U.S. 292, 300–02, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991); *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989)). Accordingly, Mr. Mobley qualifies as a prevailing party, and Defendant concedes as much. *See* Opposition at 2.

### (2) Government's Position Not Substantially Justified

The burden of proving substantial justification is the Commissioner's, who must demonstrate the substantial justification of his position as a whole. *See United States v. Jones*, 125 F.3d 1418, 1420, 1427–31 (11th Cir.1997). Thus, the requirement that the government's position not be substantially justified will only impact eligibility for an award of fees when the Commissioner comes forth and satisfies his burden.

To be substantially justified, the Commissioner's position must have "a reasonable basis in both law and fact." *Id.* at 1425 (citations and internal quotation marks omitted). Still, the mere fact the cause was remanded to the Commissioner does not automatically establish his position was not substantially justified. *Reeves v. Bowen*, 841 F.2d 383, 385 (11th Cir.1988) (per curiam).

The Court concludes that the Commissioner has failed to prove his position was substantially justified. In considering residual functional capacity (RFC) the Court concluded, in part, the ALJ's findings in connection with Mr. Mobley's ability to stand and walk were not supported by substantial evidence. *See* Opinion and Order (Doc. # 26; Order), entered on February 22, 2000, at 14. In arguing that its position on this matter was substantially justified, the Commissioner contends "the ALJ fully discussed the medical evidence, which included a specific medical assessment from a state agency medical adviser indicating that plaintiff could stand or walk for two hours during a workday."[1] Opposition at 5. The position was urged in the Memorandum in Support of the Commissioner's Decision (Doc. # 22), filed on October 19, 1999, at 6. However, reliance on a non-examining physician to support an RFC finding simply does not provide a reasonable basis for justification both in fact and law. *See Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir.1988); *Wood v. Callahan*, 977 F.Supp. 1447, 1453 (N.D.Fla.1997).

The Court also found the judge failed to discuss the pain standard and articulate substantial reasons for rejecting Plaintiff's pain complaints. *See* Order at 17. In this regard, Defendant argues that "although the ALJ's application of the pain standard could have been more detailed, it had a reasonable basis in fact and law." Opposition at 5; *see also id.* at 6 (contending "the record provides some support for the ALJ's finding" as to Plaintiff's pain complaints). While a rational basis may be found to exist for rejecting the severity of

---

1. In his Decision the ALJ concurred with the opinions of the state agency medical consultants in finding Mr. Mobley "unable to tolerate prolonged walking/standing due to severe residuals of his right leg fracture." Transcript of Administrative Record of Proceedings at 19; *see also id.* at 118.

the complaints, it remains clear the ALJ failed to state sufficient reasons for discounting them. It is settled law in this circuit that, if an "ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote v. Chater*, 67 F.3d 1553, 1561–62 (11th Cir.1995) (per curiam). Thus, it is determined Defendant's position was not substantially justified.

### (3) Timely Application

Plaintiff must file an application for fees and other expenses within thirty days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). "Final judgment" is defined as a judgment that "is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Since the Commissioner normally has sixty days in which to appeal, Fed.R.App.P. 4(a)(1)(B), a judgment typically becomes final after sixty days, and the plaintiff then has thirty days in which to file his or her application. *See Shalala v. Schaefer*, 509 U.S. at 297–98; *Jackson v. Chater*, 99 F.3d 1086, 1095 n. 4 (11th Cir. 1996). Here, the Judgment was entered on February 22, 2000, and Plaintiff's Application was filed on May 11, 2000. Hence, the Application was timely filed.

### (4) Plaintiff's Net Worth

Plaintiff's Affidavit of Indigence (Doc. # 3; Affidavit) was filed on December 1, 1998, the same filing date as his Complaint (Doc. # 1) The Affidavit clearly establishes that his net worth at that time was less than $2 million. In fact, he was permitted to prosecute this action *in forma pauperis*. *See* Order (Doc. # 4), entered on December 3, 1998; *see also* Application ¶ 2.

### (5) No Special Circumstances

There appear to be no special circumstances indicating an award of fees would be unjust.

### B. Amount of Fees

Of course, the reasonableness of the fees claimed must still be addressed. *See* 28 U.S.C. § 2412(d)(2)(A). Defendant argues,

first, "plaintiff's attorney expended time on clerical tasks (such as preparing a service of process, filing a complaint, and receiving a return of service and other documents)." Opposition at 7. It also contends counsel for Plaintiff unnecessarily "spent time communicating with an unspecified co-counsel about routine motions for extension." *Id.* Finally, the Commissioner urges reimbursement is sought inappropriately "for motions for extension and responses to the Commissioner's motion to strike for not signing his brief." *Id.*

 Defendant is correct that tasks of a clerical nature are not compensable as attorney's fees. *See, e.g., Debose v. Apfel,* No. Civ.A. 98–2096, 2000 WL 298927, at *3 (E.D.Pa. March 15, 2000) (citing, *inter alia, Jean v. Nelson,* 863 F.2d 759, 778 (11th Cir.1988)); *Smith v. Apfel,* No. Civ.A. 99–0306–AH–L, 2000 WL 284260, at *3 (S.D.Ala. March 10, 2000). In fact, because properly considered overhead costs, *see Smith,* 2000 WL 284260, at *3, expenditures of effort on clerical tasks are not independently compensable under the EAJA at any rate. Additionally, the Court finds merit in Defendant's contention that consultation with co-counsel was unnecessary or, if necessary, not recoverable under the circumstances presented, and that time devoted to correcting one's own errors should not be reimbursable. *See id.*

A review of the hours claimed reveals a number of modest yet unnecessary charges. Those items in the following chart which are italicized have been disallowed and, where combined with other tasks in Plaintiff's description, the time taken in regard thereto has been estimated based on the Court's experience.

| Description | Hours Claimed | Hours Awarded |
| --- | --- | --- |
| *File Complaint* | .5 | .0 |
| *Rec. return of service* | .2 | .0 |
| *Letter to co-counsel re: admin record and Answer* | .3 | .0 |
| *Letter to co-counsel re: Motion for Extension, letter to Clerk* | .4 | .0 |
| *Letter to co-counsel re: Extension Orders* | .3 | .0 |

| Description | Hours Claimed | Hours Awarded |
|---|---|---|
| Letter to co-counsel re: missing pages | .3 | .0 |
| Receive and review Order of Defendant's Motion for Extension of Time and striking Plaintiff's opening brief for not being signed | .5 | .2 |
| Letter to Clerk re: unsigned brief | .3 | .0 |

Accordingly, the Application (Doc. # 28) is **GRANTED** to the extent the Clerk of the Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $3,062.50. This represents 24.5 hours of the 27.1 listed,[2] at the presumptive statutory maximum rate of $125.00 per hour.

2. It appears that a math error led Plaintiff to claim 28.9 hours. *See* Application at ¶ 6. Total hours submitted were actually 27.1.