Roy T. GATES, Plaintiff,

v.

Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.

No. 5:01–CV–148–OC–GRJ.

United States District Court,
M.D. Florida.
Ocala Division.

June 25, 2002.

J.W. Chalkley, III, Chalkley, Crooke & Smith, Ocala, FL, for Roy T. Gates, plaintiffs.

Susan R. Waldron, U.S. Attorney's Office, Middle District of Florida, Tampa, FL, Mary Ann Sloan, General Counsel's Office, Social Security Administration, Dennis R. Williams, General Counsel's Office, Social Security Administration, Atlanta, GA, for Larry G. Massanari, Acting Commissioner of Social Security, Commissioner of Social Security, defendants.

## ORDER

JONES, United States Magistrate Judge.

This cause comes before the Court for consideration of Plaintiff's Application For An Attorney's Fee Under The Equal Access To Justice Act (Doc. 18), accompanied

by affidavits of Plaintiff's counsel and Plaintiff (Doc. 20), and a memorandum of law in support of the application, with itemization of time and expenses (Doc. 19). Also before the Court is the Commissioner's memorandum in opposition to Plaintiff's application (Doc. 21). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Plaintiff requests an award of fees in the amount of $5,090.00, plus costs of $218.14, to be paid to Plaintiff's counsel.

## I. *Eligibility For Award Under EAJA*

To be timely, an application for fees and other expenses under the EAJA must be filed within thirty (30) days of the "final judgment" in the action, which is defined as a judgment that is "final and not appealable."[1] According to the Federal Rules of Appellate Procedure, the Commissioner of Social Security has sixty (60) days in which to appeal,[2] after which a judgment becomes final. Thus, the plaintiff in a Social Security case has thirty (30) days beyond this sixty (60) day period in which to apply for fees and other expenses under the EAJA, i.e., a total of ninety (90) days. In this case, the Order reversing and remanding the case was entered on May 7, 2002, and Plaintiff's application was filed on May 31, 2002. Thus, Plaintiff's application was timely filed.

In addition, Plaintiff's application asserts that he is the prevailing party in this litigation, that the Commissioner's position in the underlying action was not substantially justified, and that Plaintiff's net worth at the time the proceeding was filed was less than two million dollars.[3] The Commissioner does not contest these assertions. Therefore, the Court finds that Plaintiff is eligible for an award of fees and costs under the EAJA.

## II. *Amount Of Fees And Costs To Be Awarded*

Plaintiff requests fees for 25.45 hours of attorney work at the rate of $200.00 per hour, for a total of $5,090.00 in attorney's fees. Plaintiff also requests costs of $218.14, comprised of $150.00 for the filing fee and $68.14 for copying and certified mailing charges.

■ In making determinations about the reasonableness of attorney's fees claimed under the EAJA, courts must consider two components: (1) the hourly rate to be awarded; and (2) the amount of hours to be compensated. The Court will address each of these components in turn, and then will address the reasonableness of the costs claimed by Plaintiff.

### A. *Hourly Rate*

For purposes of setting reasonable attorney fees, the EAJA provides as follows:

The amount of fees awarded under [28 U.S.C. § 2412(d)] shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of

---

1. 28 U.S.C. 2412(d)(1)(B), (d)(2)(G).

2. *See* Fed. R.App. P. 4(a)(1)(B).

3. Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), a claimant is eligible for an award of fees and costs where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justi-fied; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d); *see also Commissioner, INS v. Jean*, 496 U.S. 154, 158, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

qualified attorneys for the proceedings involved, justifies a higher fee.[4] Thus, the EAJA establishes a ceiling for attorney's fees of $125 per hour, which may be adjusted for cost of living increases or a "special factor."

■ In *Meyer v. Sullivan*,[5] the Eleventh Circuit held that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be used in calculating attorney's fees under the EAJA.[6] The first step in the analysis is to determine the prevailing market rate for the kind and quality of services furnished.[7] The second step, which is necessary only if the prevailing market rate is greater than the statutory ceiling ($125 per hour), is to determine whether the court should adjust the hourly rate upward from the ceiling to take into account an increase in the cost of living or a special factor.[8] The fee applicant bears the burden of producing satisfactory evidence—in addition to the attorney's affidavit—that the requested rate is in line with those prevailing in the community for similar services by attorneys of reasonably comparable skill, experience, and reputation.[9]

Plaintiff requests that the Court award Plaintiff's counsel $200 per hour based on cost of living increases and Plaintiff's counsel's "specialized knowledge and experience." In support of this request, Plaintiff directs the Court's attention to an order of this Court in another Social Security appeal,[10] in which the Court awarded Plaintiff's counsel $200 per hour. The Court observes, however, that in the cited case—unlike in the instant case—the Commissioner failed to respond to the plaintiff's application for attorney's fees, leaving the plaintiff's request for $200 per hour uncontested. This crucial distinction makes the cited case inapposite.

Plaintiff also directs the Court's attention to an order by another court in this district, in which the court found that the prevailing market rate for attorneys in Social Security appeals was $125 to $300 per hour.[11] The Court observes at least two important distinctions between the cited case and the instant case. First, our sister court was evaluating the Tampa legal market, not the North Central Florida legal market. Obviously, Tampa is a large metropolitan area with a higher cost of living than the rural North Central Florida area. Thus, the rates charged by attorneys in Tampa are likely to be higher than those charged by attorneys practicing in this Court's jurisdiction. Second, while our sister court found that the *upper end* of the Tampa market was $300 per hour, the court actually awarded only $125 per hour.[12] Therefore, the Court finds that the cited case does not support Plaintiff's request for $200 per hour.

■ Having determined that Plaintiff has failed to produce satisfactory evidence that the requested rate of $200 per hour is in line with those prevailing in this area for similar services by attorneys of reasonably

4. 28 U.S.C. § 2412(d)(2)(A).

5. *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992).

6. *See id.* at 1033–34.

7. *See id.*

8. *See id.*

9. *See Blum v. Stenson*, 465 U.S. 886, 896, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984).

10. *Jiannuzzi v. Massanari*, No. 5:99–Cv–324–Oc–GRJ.

11. *See Van Doorn v. Chater*, No. 95–1444–CIV–T–17C, 1996 WL 567172, at *1 (M.D.Fla. Sept. 27, 1996).

12. *See id.* at *2.

comparable skill, experience, and reputation, the Court must rely on its own experience and knowledge in determining the prevailing market rate. Based on the Court's experience in other Social Security cases filed in this Court, and the Court's knowledge of the North Central Florida legal market, the Court finds that, during the period applicable to this appeal, the prevailing market rate for the kind and quality of services furnished by attorneys of reasonably comparable skill, experience, and reputation in the North Central Florida area was $125 to $150 per hour.

Because the Court finds that the prevailing market rate exceeds the statutory ceiling, the Court is authorized to adjust the statutory ceiling to take into account an increase in the cost of living.[13] When making such an adjustment, there are two computational issues that courts are confronted with: (1) what cost-of-living index to use; and (2) what period of time to use to compare to the base period (i.e., March 1996, when 28 U.S.C. § 2412(d) was amended and the statutory ceiling was set at $125 per hour).

■ With regard to the first of these issues, there appears to be widespread agreement that the appropriate series of indexes is the Consumer Price Index for All Urban Consumers ("CPI–U"), U.S. City Average. The issue that has arisen, however, is whether to use the broadest index in this series, the CPI–U "all items" index, or instead to use CPI–U subcategory indexes such as those for "personal expenses" or "legal services." The Eleventh Circuit has not dealt with this issue. However, every circuit court that has addressed this issue has concluded that the CPI–U "all items" index is the appropriate index for calculating cost-of-living adjustments under the EAJA.[14]

The CPI–U "all items" index, which is commonly known as the "Cost of Living Index," is a broad index that measures the average change in prices over time of a representative "market basket" of goods and services.[15] As such, courts have reasoned that it is the appropriate index for use under the EAJA because 28 U.S.C. § 2412(d)(2)(A) permits a ceiling rate adjustment to take into account "an increase in the *cost of living*"—not the cost of legal services.[16] This reasoning, and the weight of precedent behind it, are compelling. Therefore, this Court will use the CPI–U "all items" index in calculating cost-of-living adjustments under the EAJA.

■ With regard to the second computational issue, there are essentially two time periods that courts have used to compare to the base period when calculating cost of living adjustments under the EAJA: (1) the period when legal services were performed for the plaintiff; or (2) a "current" date, such as the date the plaintiff became a prevailing party, or the date when fees are awarded. Again, the Eleventh Circuit has not addressed this issue. However, every circuit court that has considered this issue carefully has concluded, in light of relevant Supreme Court precedent, that the period when services were performed is the correct period to use.[17]

---

13. *See Meyer*, 958 F.2d at 1033–34.

14. *See Sullivan v. Sullivan*, 958 F.2d 574, 574–78 (4th Cir.1992); *Dewalt v. Sullivan*, 963 F.2d 27, 29–30 (3rd Cir.1992); *Harris v. Sullivan*, 968 F.2d 263, 265 (2nd Cir.1992); *Jones v. Espy*, 10 F.3d 690, 692–93 (9th Cir. 1993).

15. *See Sullivan*, 958 F.2d at 575 n. 1.

16. *See Sullivan*, 958 F.2d at 576–78; *Dewalt*, 963 F.2d at 29–30; *Harris*, 968 F.2d at 265; *Jones*, 10 F.3d at 692–93; *Van Doorn*, 1996 WL 567172, at *2; *Moulton v. United States (In re Moulton)*, 195 B.R. 954, 958 (Bankr. M.D.Fla.1996), *aff'd*, No. 96–810–CIV–T–25(E), 80–822–BKC–8P3, 93–733, 1996 WL 511666 (M.D.Fla. June 28, 1996).

17. *See Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 709–13 (D.C.Cir.1997) (holding

Additionally, at least one court in this district has followed this approach.[18] Therefore, based on the weight of precedent, this Court will use the period when services were performed in calculating cost-of-living adjustments under the EAJA.

Having determined that the period when services were performed is the correct period to use, the Court is faced with a subsidiary issue: which date or dates within that period should be used. The CPI–U is published on a monthly basis, with a multiplier for each month, as well as an annualized multiplier for each year. Social Security appeals typically take a year or longer to litigate, with the beginning and ending dates of litigation frequently falling within two different years. Thus, on the one hand, the use of a single multiplier to represent the entire period when services were performed by the plaintiff's attorney could result in material inaccuracies. On the other hand, using the monthly multipliers for each of the months in which services were performed (which would produce the most accurate result) could result in a level of computational difficulty that is unwarranted.

The one circuit court that has addressed this issue has opined that "fees incurred in a particular year must be indexed using the cost of living multiplier applicable to that year, and so on for each year in which fees were incurred."[19] This approach seems to strike a reasonable balance between accuracy and ease of calculation. Therefore, the Court will adopt this approach. The Court observes, however, that the circuit court's formulation of this approach overlooks the fact that annualized multipliers are not published until after the end of each year. Thus, in most cases, an annualized multiplier will not be available for the latest year in which services were performed. In such cases, the Court will average the monthly multipliers for each of the applicable months in the latest year to produce a multiplier for that year.

■ Applying the foregoing methodology to the instant case produces the following results:

Consumer Price Index—All Urban Consumers (CPI–U)
*U.S. City Average, All Items, Not Seasonally Adjusted*[20]

| | |
|---|---|
| Multiplier for base period (March 1996) | 155.7 |
| Annualized multiplier for 2001 | 177.1 |
| Increase for 2001 | 21.4 |
| | |
| Percentage increase for 2001 | **13.74%** (21.4 ÷ 155.7) |
| | |
| Multiplier for base period (March 1996) | 155.7 |
| Calculated multiplier for 2002 | 178.7 |

that, in light of the Supreme Court's decision in *Library of Congress v. Shaw,* 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986), a "current" period cannot be used); *Marcus v. Shalala,* 17 F.3d 1033, 1038–40 (7th Cir.1994) (same); *Perales v. Casillas,* 950 F.2d 1066, 1074–77 (5th Cir.1992) (same); *Chiu v. United States,* 948 F.2d 711, 718–22 (Fed.Cir. 1991) (same). *But see Garcia v. Schweiker,* 829 F.2d 396, 402 (3rd Cir.1987) (holding for policy reasons, but without discussing *Shaw,* that the date on which the plaintiff became the prevailing party should be used).

18. *See Moulton,* 195 B.R. at 958.

19. *Marcus,* 17 F.3d at 1040.

20. Source: U.S. Dept. of Labor, Bureau of Labor Statistics, *available at* http://www.bls.gov/cpi/home.htm.

| | |
|---|---|
| Increase for 2002 | <u>23.0</u> |
| Percentage increase for 2002 | **14.77%** (23.0 ÷ 155.7) |

Thus, the Court concludes that an increase of 13.74% in the statutory ceiling rate is justified for services performed in 2001, resulting in an adjusted 2001 rate of $142 per hour (rounded); and an increase of 14.77% is justified for services performed in 2002, resulting in an adjusted 2002 rate of $143 per hour (rounded).[21]

As noted previously, the Court may, in its discretion, also increase the attorney fee to be awarded based on a "special factor," such as the limited availability of qualified attorneys for the proceedings involved.[22] The Court finds that no such special factor is applicable in the instant case in view of the considerable number of attorneys that regularly appear in this Court representing claimants in Social Security appeals.

### B. *Amount Of Hours*

 We turn now to the reasonableness of the amount of attorney time claimed. The fee applicant bears the burden of establishing the appropriate hours to be compensated.[23] In doing so, the fee applicant "must exercise what the Supreme Court has termed 'billing judgment.'"[24] Thus, the fee applicant must exclude excessive, redundant, or otherwise

unnecessary hours, i.e., hours that would be unreasonable to bill to a client.[25] "[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed."[26]

 The Commissioner objects to several specific items on the itemization of time submitted by Plaintiff's counsel. The first item is an entry for 0.75 hours of time spent mailing the complaint and summonses. The Commissioner argues that no time should be awarded for such "administrative tasks." The Commissioner is correct. "[T]asks of a clerical nature are not compensable as attorney's fees."[27] Indeed, because such tasks are properly considered overhead costs, they are not compensable under the EAJA at any rate.[28] Therefore, the Court will subtract the time spent on this task from the amount of time to be awarded.

 In addition, the Commissioner objects to an entry for 2.0 hours spent by Plaintiff's counsel reading the Commissioner's memorandum in support of the Commissioner's decision. The Commissioner argues that "2.0 hours to read a twenty-two-page document is excessive." The

---

**21.** Calculations: $125 × 1.1374 = $142.18; $125 × 1.1477 = $143.46.

**22.** *See* 28 U.S.C. § 2412(d)(2)(A).

**23.** *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988).

**24.** *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir.1999) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939–40, 76 L.Ed.2d 40 (1983)). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or

otherwise unnecessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* (quoting *Norman*, 836 F.2d at 1301).

**25.** *See id.*

**26.** *Norman*, 836 F.2d at 1306.

**27.** *Mobley v. Apfel*, 104 F.Supp.2d 1357, 1360 (M.D.Fla.2000).

**28.** *Id.*

Commissioner suggests that 1.5 hours would be more appropriate. Likewise, the Commissioner objects to an entry for 2.0 hours spent by Plaintiff's counsel reading the Court's order reversing and remanding the Commissioner's decision. The Commissioner suggests that 1.0 hour would be more appropriate for this task.

While the Court acknowledges that the amounts of time reported by Plaintiff's counsel may be higher than some attorneys would expend on such tasks, the Court cannot conclude that the amounts are patently unreasonable.[29] Therefore, the Court will not reduce the amount of time to be awarded for these tasks.

### C. Costs

■ Finally, we turn to the issue of what costs may reasonably be reimbursed. The Commissioner first objects to Plaintiff's inclusion of $29.10 for copying. Apparently, this amount represents a charge of $0.10 per page for copying the transcript (291 pages). The Commissioner argues that it provided Plaintiff with one copy of the transcript free of charge and should not have to pay for a second copy. The Commissioner is right. Copies of the transcript or other research materials for use by Plaintiff's counsel (as a "working copy" or otherwise) are overhead costs, and are not reimbursable. Therefore, the Court will not award these charges.

■ The Commissioner also objects to Plaintiff's inclusion of $39.04 for certified mailing, arguing that this amount is excessive. The Court agrees. The Court has difficulty understanding how Plaintiff's

counsel could have incurred $39.04 in certified mail charges, especially in light of the relatively small number of documents that might be subject to such mailing. Unfortunately, Plaintiff's counsel has not provided any detail with regard to these charges. Thus, the Court has no way to evaluate the reasonableness of the claimed charges. Therefore, the Court will not award these charges.

### III. Conclusion

Based on the foregoing, and upon due consideration, Plaintiff's Application For An Attorney's Fee Under The Equal Access To Justice Act (Doc. 18) is GRANTED. Defendant shall remit to counsel for Plaintiff fees in the amount of $3,509.65,[30] and costs in the amount of $150.00.

IT IS SO ORDERED.

---

29. The Court notes that, at least in one instance, the time reported by Plaintiff's counsel appears to include time spent doing research. Thus, the time reported appears more reasonable when viewed as time spent studying and analyzing the documents, as opposed to merely reading them.

30. Calculation: (1) 23.20 hours claimed for 2001 minus 0.75 hours denied equals 22.45 hours to be awarded for 2001; (2) 22.45 hours multiplied by the Court's calculated 2001 rate of $142 per hour equals $3,187.90; (3) 2.25 hours claimed for 2002 multiplied by the Court's calculated 2002 rate of $ 143 per hour equals $321.75; (4) $3,187.90 plus $321.75 equals $3,509.65.